### ·ACTION FOR RECOVERY OF A STOCK DIVIDEND.

Circuit Court of Hamilton County.

GEORGE H. STEARNS v. JOHN H. HIBBEN DRY GOODS COMPANY.

Decided, December 19, 1908.

*Dividends—Nature of Obligation Incurred by Declaration of—Stock
·Dividend Distributed to Holders of First Issue of Stock—Was a·
Trust Created—Concealment ·and Fraud—Demand—Application
of the Statute of Limitations—Decisions by Appellate Courts.*

1. Where an appellate court is abolished by the Legislature, and its
   jurisdiction transferred to the circuit court, a decision by such
   appellate court in a case afterward coming to the circuit court
   will be followed·by that court, unless clearly erroneous.
2. Where it appears that no misrepresentation was made by the board
   of directors upon which a stockholder relied to his prejudice, nor
   any concealment by them of facts not recorded in the minutes,
   an action by the stockholder for recovery on the ground of fraud
   and concealment will not lie.
3. If a trust was created by the resolution of the board of directors
   adopted in this case, it terminated on or before June 30th, 1899,
   and an action thereon is barred by the six year statute of·limita-
   tion.
4. Although a demand by a stockholder for his *pro rata* share of a
   stock dividend is necessary before the beginning of an action by
   him for the recovery of such dividend, failure to make such de-
   mand does not suspend the operation of the statute of limitations.

*Peck, Shaffer & Peck*, for plaintiff in error.
*Walter A. DeCamp, contra.*

The Hibben Dry Goods Company having determined to in-
crease its capital stock from $100,000 to $200,000, it was fur-
ther ,decided that a stock dividend of $25 per share should be
distributed to the holders of the old stock who had borne the
burden of founding the business. This was done and thereafter
the new stock was sold. The plaintiff was a purchaser of a block
of the new stock, and subsequently learning of the distribution
of a stock dividend, he filed an action in the Superior Court of

Cincinnati for recovery of his *pro rata* share thereof.    His petition was as follows:

"Plaintiff says that the defendant, the John H. Hibben Dry Goods Company, is a corporation created and existing under the laws of Ohio for the purpose of buying and selling dry goods, notions and furnishings, and is engaged in said business in the city of Cincinnati.    That by the terms of its articles of incorporation said company has an authorized capital stock of $350,000 common stock, and $150,000 preferred stock.    That all of the preferred stock has been issued and is outstanding, but that of the authorized common stock only $282,000 has been issued, and said company has $68,000 of such common stock still unissued.

"Plaintiff further says that prior to the first day of July, 1897, he subscribed for 100 shares of the common stock of said company, and paid therefor to said company the sum of $10,000, and in consideration thereof said company issued to him its certificate of stock dated July 1, 1897, showing that plaintiff was the owner of 100 shares of the capital common stock of said company; and plaintiff then became, and ever since has been, the owner and holder of said 100 shares.

"Plaintiff further says that on the 6th day of October, 1897, he likewise subscribed and paid $5,000 for fifty additional shares of the common capital stock of said company, and received a certificate of that date showing likewise that he was the owner of said fifty additional shares; and plaintiff has ever since been, and now is, the owner and holder of said fifty shares of capital stock.

"By reason of his ownership of said 150 shares of common stock of the said defendant company plaintiff became, and ever since has been, entitled to share *pro rata* with all the other holders of common stock in any dividend or distribution of proceeds or assets made by the company.

"But plaintiff says that notwithstanding the premises, the directors of said company, on or about the 10th day of January, 1898, finding that the company had on hand a surplus arising from the earnings of the company, without the knowledge or consent of the plaintiff, who is not, and never was, a member of the board of directors of said company, adopted a resolution directing the sum of $26,900 of said surplus be 'divided among the stockholders holding stock prior to the last issue of stock to the $200,000 limit,' which included the plaintiff, all of whose stock was issued to him 'prior to the last issue of stock to the $200,000 limit,' and further ordering that 'said amount, while

belonging to said stockholders, and bearing six per cent. interest, yet remain in said corporation or company as working capital, until such amount is voted free to the holders of said amount by the board of directors.'

"And thereafter said directors on the 30th day of June, 1899, without the knowledge or consent of plaintiff, received from a committee a report that said amount of $26,900, amounting to $25 per share *pro rata* to each stockholder of record January 1, 1898, with six per cent. interest to June 30th, 1899, had been distributed to said stockholders, which said report was fraudulent and untrue, in that plaintiff was a stockholder of record to the extent of 150 shares prior to January 1, 1898, but no part of said $26,900 was distributed to him.

"Plaintiff further says that as matter of fact no money other than the interest on the $26,900 mentioned in said orders was distributed to any of the stockholders, but that a stock dividend of twenty-five per cent. of the common stock was by said directors made, and the certificate thereof issued to nearly all holders of the common stock at that time, each of such persons receiving a number of shares equal to twenty-five per cent. of the shares previously held by him, and said defendant has regularly paid dividends upon the stock so issued to the holders thereof.

"Plaintiff further says that instead of distributing said stock dividend of twenty-five per cent. equally to all the common stockholders of said company, the defendant, by its said board of directors, wrongfully and fraudulently excluded this plaintiff from any participation in the same, and issued to plaintiff no shares of stock by way of dividend, and never paid him any dividends other than the regular cash dividends upon the original stock purchased by him as aforesaid, nor permitted him to share in the distribution of said surplus in any manner whatever.

"Plaintiff further says that he had no knowledge of the proceedings of said directors as to said twenty-five per cent. stock dividend, or of the issue of the certificates of said stock, or the payment of any dividend thereon, or of the fraudulent distribution of said surplus or any information whatever concerning the same, until the month of September in the year 1902, since which time plaintiff has frequently requested the president and directors of said company to correct the wrong so done him, and has demanded that they shall issue to him as they did to the other stockholders the twenty-five per cent. additional stock on the 150 shares so as aforesaid held by him, and to pay the dividends upon such stock as have been paid to other holders of the

same since the making of said stock dividend, with interest upon such dividends since the time they became due and payable, but plaintiff says that the defendant has refused, and still refuses, to take any steps or do anything towards issuing to him any additional stock as and for said dividend, or to make any payment of said dividend, or in any way compensate him for the same.

"Plaintiff further says that the defendant has on hand an ample surplus of earnings, and lawful power, by reason of the fact hereinbefore stated, to issue to the plaintiff a twenty-five per cent. stock dividend upon the 150 shares of stock held by him.

"Plaintiff further says that the defendant threatens to, and will, unless restrained by this court, sell and issue all the remaining unissued common stock of said company, which it is authorized to issue by virtue of its charter, and thereby deprive itself of power to issue to plaintiff the 37½ shares to which he is entitled.

"Wherefore, plaintiff prays that the defendant be restrained and enjoined by the order of this court from issuing any further or common stock until after it shall have issued to plaintiff the 37½ shares aforesaid, or from taking any steps to deprive itself of the lawful power to issue the same; and further that the defendant be required by mandatory order of this court to issue and deliver to plaintiff its certificate for 37½ shares of common stock of the defendant company, and to pay to plaintiff the dividends or the interest on the same of the same amount as the dividends and interest paid the other common stockholders since the first day of January, 1898, with interest upon such dividends from the date when they were declared. Plaintiff further prays that if, for any reason, it is found impracticable to order the issue of stock as aforesaid, that the court order an account to be taken to ascertain the value of the said shares of stock to which plaintiff is entitled as aforesaid, and the amount of the dividends paid since the first day of January, 1898, with interest on each of said dividends from the time when due and payable, and that the court order and decree the payment of the aggregate shares, dividends and interest to the plaintiff by the defendant and for such other and further relief as the nature of the case and equity may require."

The defendant interposed a demurrer to the petition, claiming that the action was barred by the statute of limitations. This demurrer was overruled in 1906, and after trial the plaintiff was given a decree.

The case was then taken on error to the general term of the superior court, where the cause was argued in October, 1907, and the judgment below reversed in November, 1907, in an opinion delivered by Judge Ferris, Judges Hoffheimer and Woodmansee concurring, and it was held that the cause of action stated in the petition was barred by the statute of limitations, and that the trial court should have sustained the demurrer to the petition on that ground. The general term also found other errors in the record, and remanded the cause to special term for further proceedings.

When the cause again came on to be heard in the superior court in special term, that court, in obedience to the judgment of the general term, sustained the demurrer to the petition, and the plaintiff not desiring to plead further, judgment was entered for the defendant.

The plaintiff below then prosecuted error to the circuit court (which has recently been authorized to review special term decisions), and alleged that the special term committed error when it sustained the demurrer in obedience to the opinion of the general term.

Peck, Shaffer & Peck argued in the circuit court for the plaintiff in error that a dividend when declared by a company immediately raises an obligation on the part of the company to pay each stockholder his *pro rata* share upon demand, and, upon demand and refusal to pay, an action can be maintained, but an action can not be maintained until after demand has been made. *Larwell* v. *Burke,* 19 O. C. C., 449, 513, 526 and 532; *Fuller* v. *Railway Company,* 8 N. P., 605; *State* v. *B. & O. Railroad,* 6 Gill, 364; *Bank* v. *Gray,* 84 Ky., 566; *Hager* v. *Bank,* 63 Maine, 509; *Cadogan* v. *Jackson Iron Company,* 76 Mich., 498; *Bedford* v. *Ashville,* 14 Lea, 525; *Scott* v. *Central Railroad Company,* 52 Barber, 45.

When a cause of action does not arise until a demand is made upon a claim, it necessarily follows that the statute of limitations does not begin to run until after the demand is made. *State* v. *Newman's Executor,* 2 O. S., 567; *King* v. *Nichols,* 16

O. S., 80; *Keithler* v. *Foster*, 22 O. S., 27; *Townsend* v. *Eichel-berger*, 51 O. S., 215.

When a dividend is made by any corporation, the ordinary practice and duty of the company is to give notice to the stockholders, but no notice was given to the plaintiff of any of these proceedings or this distribution, and, therefore, the action is not barred by the statute of limitations, but is an action for relief on the ground of fraud in the misappropriation and distribution of a fund held in trust for the corporation. *Bank* v. *McIntyre*, 40 O. S., 538; *Carlisle* v. *Foster*, 10 O. S., 198.

Notice of the making of dividends, or in fact of any of the proceedings of the directors, is not to be inferred from the fact that the party is a stockholder. *King* v. *Railroad Co.*, 29 N. J. Law, 92.

The omission to disclose what it has become a particular duty to do, is fraudulent concealment. *Kelly* v. *Nealy*, 76 Maine, 71; *Massachusetts Bank* v. *Perry*, 144 Mass., 313; *Atlas National Bank* v. *Harris*, 118 Mass., 147; *St. Romer* v. *Levee Press*, 20 La. An., 381; *Philadelphia Railroad Company* v. *Cowell*, 28 Penn. State, 329.

The statute of limitations applies "in the case of a continuing and subsisting trust." The trust in the action at bar continues and subsists until it is discharged by due performance, as do other trusts. Where the directors of a company set aside a fund to be subsequently distributed, it constitutes a trust fund in the hands of the company. *Re Le Blanc*, 14 Hun. (affirmed in *Re Le Blanc*, 75 N. Y., 598); *LeRoay* v. *Insurance Co.*, 2 Edwards Chancery, 657; *Hunt* v. *O'Shea*, 69 N. H., 600; *Hagan* v. *Union Bank*, 63 Maine, 509.

Mr. Walter A. DeCamp argued for the defendant in error, that the action is barred by the six year statute of limitation (R. S., 4981). It being upon a contract not in writing, and the relation of stockholder to a corporation, with respect to a dividend, being that of debtor and creditor. After the dividend has been declared the company owes the stockholder his *pro rata* share as a debt, and if it is not paid, the stockholder

has a right of action in *assumpsit* for its recovery, and such a right is barred within six years, under Section 4981. Citing, *Clark & Marshall on Corporations,* Sections 517c and 522; *Jackson* v. *Plank Road Co.,* 31 N. J. L., 277; *2 Keener's Cases,* 1418; *Ellis* v. *Bridge Co.,* 19 Mass., 243; *Chaffee* v. *Railroad,* 55 Vt., 110; *Railroad* v. *Jackson,* 77 Penn. St., 321; *Cook on Stockholders,* Section 542; *Thompson on Corporations,* Section 2173; *Cook on Stockholders,* Sections 527-9; *Re Severn Ry. Co.,* 74 Law T. (N. S.), 219; *Turnpike Co.* v. *Wicliffe,* 100 Ky., 531; *Hunt* v. *O'Shea,* 69 N. H., 600; *Kane* v. *Bloodgood,* 7 Johns Ch., 90; *Bills* v. *Mining Co.,* 106 Cal., 9.

The fact that a plaintiff was not aware that he had a right to bring suit does not extend the time. *State* v. *Standard Oil Co.,* 49 O. S., 188; *Howk* v. *Minnick,* 19 O. S., 462; *Williams* v. *Coal Co.,* 37 O. S., 533.

The mere reference to fraudulent transactions in the petition, does not, of necessity, give character to an action as one grounded upon fraud. *Mass* v. *Miller,* 58 O. S., 483; *Mosher* v. *Butler,* 31 O. S., 188; *Evans* v. *Alberts,* 6 O. Dec. (Reprint), 820.

In Ohio, equitable as well as legal causes of action, are barred by the same statute of limitations. *Carpenter* v. *Canal Co.,* 35 O. S., 307; *Loffland* v. *Buch,* 26 O. S., 559; *Zieverink et al* v. *Kemper, Rec.,* 50 O. S., 208; *Combs* v. *Watson,* 32 O. S., 228; *Longworth* v. *Hunt et al,* 11 O. S., 194; *Yearly* v. *Long,* 40 O. S., 34.

Mr. DeCamp also urged that the exact point involved in this case was decided adversely to this plaintiff in error by the decision of the general term rendered in 1907 by unanimous court. This second writ of error in the same case is brought before this court because the Legislature abolished the general term in the spring of 1908, and conferred upon this court the power to review the special term decision. If this present petition in error raising a point already decided by the general term had come before the general term the second time, the judgment below would undoubtedly have been affirmed; and while this court, of course, is not bound by a decision of the general term, nor bound by the decisions of other circuit courts in

the state, yet for the sake of harmony in the decisions this court might well take into consideration the fact that the former appellate court which reviewed special term decisions had pronounced its judgment upon this point of law.   In other words, this case coming by successive appeals to different tribunals, each of which was authorized to review the special term decision, the point which was adjudged in the first apppeal should receive the same construction on the second appeal for the sake of consistency and harmony of decision, if for no other reason.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

The ruling of the Superior Court in General Term upon a demurrer should, when the case is transferred to this court, be followed unless clearly erroneous.

The petition discloses no misrepresentation by the board of directors upon which the plaintiff relied to his prejudice, nor the concealment by them of any fact not recorded in the minutes, which, on demand, were open to inspection by the plaintiff as a stockholder.

Whatever be the nature of the trust created by the resolution of the board of directors on January 10th, 1898, it terminated on or before June 30th, 1899, more than six years before the commencement of the action.

Although a demand was necessary before beginning the action, the failure to make demand did not suspend the operation of the statute of limitations.  *Hawk* v. *Minnick*, 19 O. S., 462; *Douglass* v. *Corry*, 46 O. S., 349; *Townsend* v. *Eichelberger*, 51 O. S., 213.

Judgment affirmed.