Doris STUEVE et al., Plaintiffs,

v.

AMERICAN HONDA MOTORS COMPANY, INC., and Honda Motor Company, L.T.D. of Japan, Defendants.

No. 77–4170.

United States District Court, D. Kansas.

March 29, 1978.

Jerry R. Palmer of Stumbo, Stumbo, Palmer, McCallister & Buening, James L. Grimes, Jr., of Cosgrove, Webb & Oman, Topeka, Kan., for plaintiffs.

Donald Patterson of Fisher, Patterson, Sayler & Smith, Topeka, Kan., for defendants.

## MEMORANDUM OF DECISION

TEMPLAR, District Judge.

This action for wrongful death was brought by the widow and on behalf of the minor children of Frederick D. Stueve, and by the administratrix of his estate to recover damages caused by the alleged defects in a motorcycle manufactured by Honda Motor Company, L.T.D. of Japan, and distributed by a distributor, American Honda Motors Company, Inc. The complaint alleges pecuniary loss in the amount of $440,000.00, and seeks recovery for that amount, plus other damages described.

Defendants filed several motions which have been submitted to Judge Rogers of this Court, some have been ruled upon, some are under advisement, but one issue raised by defendants' motion (Doc. 21) has been referred to the undersigned Judge for determination. This motion seeks a declaration by the Court that the amendment to K.S.A. 1974 Supp. 60–1903, made under provisions of House Bill 2210 of the 1976 Session of the Kansas Legislature, is void, and contrary to Article 2, Section 16 of the Constitution of the State of Kansas. If this motion is sustained, defendants contend that K.S.A. 60–1903, amended by the Legislature in 1970 and limiting the amount of recovery for wrongful death to $50,000.00, plus costs and funeral expenses, and for pecuniary and nonpecuniary losses, should be the applicable law in this case.

Directly, it is defendants' contention that House Bill 2210 is void because it violates the provisions of Article 2, Section 16 of the Kansas Constitution which provides in part that no bill shall contain more than one subject. This constitutional provision was adopted November 5, 1974, when the voters of Kansas approved a comprehensive resolution amending many sections of Article 2 of the Kansas Constitution.

Prior to its amendment in 1974, Article 2, Section 16 of the Kansas Constitution read as follows:

"No bill shall contain more than one subject, which shall be clearly expressed in its title, and no law shall be revived or amended, unless the new act contain the entire act revived or the section or sections amended, and the section or sections so amended shall be repealed."

There exists a multitude of decisions in which the application of this provision was discussed and applied. Had the issue now before the Court been presented under the former constitutional limitation, there would be less difficulty in deciding the matter. However, the provision now applied reads as follows:

"Subject and title of bills; amendment or revival of statutes. No bill shall contain more than one subject, except appropriation bills and bills for revision or codification of statutes. The subject of each bill

shall be expressed in its title. No law shall be revived or amended, unless the new act contain the entire act revived or the section or sections amended, and the section or sections so amended shall be repealed. The provisions of this section shall be liberally construed to effectuate the acts of the legislature."

The people of Kansas in this amended section added two important provisions. It must be presumed that some important purpose prompted the amendment else so substantial a change would not have been made. The phrase "except appropriation bills and bills for revision or codification of statutes," and the phrase, "The provisions of this section shall be liberally construed to effectuate the acts of the legislature," were added to Section 16.

Under The Rules of Decision Act, 28 U.S.C.A. § 1652, federal courts are commanded to regard as "rules of decision" the substantive "laws" of the appropriate state, except only where the constitution, treaties or statutes of the United States provide otherwise, and *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, decided that "laws" in this context, include not only state statutes, but also the unwritten law of a state as pronounced by its courts. *King v. Order of Travelers,* 333 U.S. 153, 157, 68 S.Ct. 488, 92 L.Ed. 608.

Briefs and arguments have been presented to the Court and additional research has been helpful in considering the question involved. The issue is one that properly should be ruled upon by the Kansas Supreme Court and some thought has been given to finding some device by means of which the matter could be referred to that court. No satisfactory means has been found for such a procedure to be followed and until the Kansas Legislature provides permissive legislation for that purpose, an effort along that line would only tend to delay the disposition of the claim in this case.

I have read the cases cited by the parties and have considered the Governor's message when he permitted House Bill 2210 to become law without his approval. The Governor's message offers no help in deciding the issue. If the Act was invalid, as passed by the Legislature, executive responsibility required that it be vetoed. Since, as pointed out, no legal machinery exists for testing the constitutionality of legislative enactments short of actual controversy, this Court may fairly assume that the Executive was not at all certain that the Act would not pass judicial muster, hence his recommendation that the matter should be decided by the courts.

My attention is called to the fact that two respected Kansas trial judges have considered the matter here presented and both of them upheld the constitutionality of the statute. No other judicial rulings in the state have been found in which the issue was considered.

In an opinion filed by Judge Adrian J. Allen of the Shawnee County District Court on February 7, 1977, in the case of *Goff v. Sears, Roebuck & Co., et al.,* Case No. 129,-971, Judge Allen specifically considered this question and ruled as follows:

"The motion of the defendants Sears, Roebuck & Co., and Allstate Insurance Company to determine a question of law in advance of trial seeks a determination by the Court that Chapter 303 of the Laws of Kansas of 1975 is unconstitutional for the reason that it contains more than one subject in violation of Article 2, Section 16 of the Constitution of the State of Kansas.

"The title is as follows:

'An act relating to the code of civil procedure; concerning divorce; and concerning limitations on certain damages for death by wrongful act; amending K.S.A. 60–1606 and K.S.A. 1974 Supp. 60–1903 and repealing the existing sections.'

"The movant argues that the subject of divorce and the subject of wrongful death are separate subjects.

"Both divorce and wrongful death are parts of the Kansas Code of Civil Procedure and it therefore appears to the Court that the holding of the court in

*State v. Taylor,* 198 Kan. 290 [424 P.2d 612], is dispositive. In that case the court held that the code of procedure embraces but one subject.

"It is therefore the opinion of the Court that Chapter 303 of the Laws of Kansas of 1975 is not ineffective and unconstitutional as claimed by the movant."

Chapter 303 of the Laws of Kansas of 1975 is K.S.A.1975 Supp., 60–1903.

The question also came before Judge John R. Brookens of the District Court of Jefferson County, Kansas, in a decision filed by Judge Brookens on June 16, 1976, where the statute was considered by him and its constitutionality upheld. His decision in the case of *Mayer v. Board of County Commissioners,* No. 13,806, reads in part:

"Defendant contends H.B. 2210 contains two 'subjects', divorce, and damages for certain deaths.

"H.B. 2210, in Section 1, amends then existing K.S.A. 60–1606, having to do with divorce; and it also, in Section 2 thereof, amends K.S.A. 60–1903, having to do with damages for wrongful death.

"The title of H.B. 2210 recites:

'An Act relating to the code of civil procedure; concerning divorce, and concerning limitations on certain damages for death by wrongful act; amending K.S.A. 60–1606 and K.S.A., 1974 Supp. 60–1903 and repealing the existing sections.'

"Art. II, Sec. 16 of the Kansas Constitution recites:

'Subject and title of bills; amendment or revival of statutes. No bill shall contain more than one subject, except appropriation bills and bills for revision or codification of statutes. The subject of each bill shall be expressed in its title. . . .'

"As early as the decision in *Division of Howard Co.,* 15 Kan. 194, the Kansas Supreme Court has held:

'The "subject" to be contained in a bill, . . . may be as broad and comprehensive as the legislature may choose to make it. It may include innumerable minor subjects provided all these

minor subjects are capable of being so combined as to form only one grand and comprehensive subject; and, if the title to the bill containing this grand and comprehensive subject is also comprehensive enough to include all these minor subjects, as one subject, the bill, and all parts thereof, will be valid.'

"To adopt defendant's argument would require nullification as unconstitutional the entire Code of Civil Procedure. The Code of Civil Procedure, enacted as a body, in 1963, became law prior to the 1974 amendment to Art II, Sec 16, of the Kansas Constitution, and the Constitution then did not have the present provision relating to 'bills for revision or codification of statutes'. The Code of Civil Procedure included the 'subject' of divorce and also the 'subject' of wrongful death and damages.

"The 'subject' of H.B. 2210 is the code of civil procedure: this is the comprehensive subject. It does include minor 'subjects', divorce and death damages, but these relate to the comprehensive 'subject' of code of civil procedure.

"The Court concludes H.B. 2210 of the 1976 Legislative Session, now appearing as K.S.A., 1975 Supp., 60–1903 is valid and is not unconstitutional."

It does not appear that either of these two cases have reached the appellate courts in Kansas and no other decisions by trial judges have come to my attention. Judge Allen and Judge Brookens are able and experienced trial judges of the state and each has served several years on the bench.

█ As I have pointed out, the changes in Article 2, Section 16 of the Constitution, adopted by the people of Kansas, must be given significance. It is obvious that the people were directing the courts to liberally construe Section 16 to effectuate the acts of the Legislature. The Court should not ignore this positive mandate and I do not believe the Supreme Court of Kansas will do so if called upon to consider the question now before us.

House Bill 2210, when introduced, related to the Code of Civil Procedure. Divorce and limitations on certain damages for death by wrongful act are parts of the Code and relate directly to it. The change in Section 16 of Article 2 provided that no bill should contain more than one subject, except bills for revision of statutes. Even before the constitutional provision was changed and expanded, the Kansas Supreme Court in *State v. Taylor,* 198 Kan. 290, 424 P.2d 612, had no difficulty in holding that a title to a bill revising the Code of Civil Procedure did not violate the Constitution because the act included a provision that part of its sections should extend to criminal cases. Judge Allen held that the above decision of the Kansas Supreme Court is dispositive of the issue raised here.

As a further indication that the Kansas Supreme Court, if called upon to rule on this matter, would sustain the validity of the act, we find the recent case of *State v. Hruska,* 219 Kan. 233, 547 P.2d 732, where the title to a bill enacted by the Legislature read as follows:

> "An act relating to the criminal code; amending K.S.A.1972 Supp. 21–3729 and 21–3745, and repealing the existing sections."

This act was challenged on the grounds that it violated Section 16, Article 2 of the Constitution because it contained two subjects, one section dealing with the theft of telecommunication equipment and the other with means and instrumentalities by which theft could be accomplished.

The title to the act there considered is noted above. It dealt only with "the Criminal Code." Under that holding the title to House Bill 2210 would have been sufficient if it had merely read, "An act relating to the Civil Code" and simply referring to the sections of the Code sought to be amended and directing their repeal.

It cannot reasonably be contended that the two sections amended in House Bill 2210 were not specifically set forth and that both sections are included in the Code of Civil Procedure. Certainly, this was sufficient to meet the purpose of the constitutional provision.

The title in the amended bill stated clearly the subject dealt with. It was the "Code of Civil Procedure" which under *Hruska* would have been sufficient, but the title also spelled out the parts of the Civil Code included in the bill, divorce and damages for death by wrongful act, it recited the pertinent sections of the Code and provided for the repealing of them, all in conformity with constitutional requirement.

Under the doctrine established by *Erie-Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, a federal court having before it questions arising in a diversity case must apply state law. Where a state statute or a decision of the state's highest court has decided the law on an issue, a federal court should have little difficulty in following state law. However, this rule has been expanded and it has become the duty of a federal court to apply state law as it may be ascertained from all available data.

Many cases could be cited to sustain the above view but the language in *West v. American Telephone & Teleg. Co.,* 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956, will suffice. Quoting from that opinion which appears to be a leading case on the subject, we learn that:

> "A state is not without law save as its highest court has declared it. There are many rules of decision commonly accepted and acted upon by the bar and inferior courts which are nevertheless laws of the state although the highest court of the state has never passed upon them. In those circumstances a federal court is not free to reject the state rule merely because it has not received the sanction of the highest state court, even though it thinks the rule is unsound in principle or that another is preferable. State law is to be applied in the federal as well as the state courts and it is the duty of the former in every case to ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule, however superior it may appear from the viewpoint of 'general law' and however much the state rule

may have departed from prior decisions of the federal courts."

While it may be said that the decisions of state trial courts interpreting applicability of state constitutional provisions are not binding on a federal court in hearing a diversity case in the state, they are entitled to consideration, and where they are consistent and no contrary opinion appears, and where the reasoning for such decisions seem rational and reasonable, and likely to be upheld should the issue be presented to the State Supreme Court, then they should be respected and followed.

In view of the admonition contained in amended Article 2, Section 16 of the Kansas Constitution, that its provisions shall be liberally construed to effectuate the acts of the Legislature, I am persuaded by a review of all the data and information submitted that under Kansas law as interpreted by the trial courts in the state and from my belief that the Supreme Court of the State will, if called upon, uphold the validity of the challenged statute, I must determine that Chapter 303 of the Laws of Kansas for 1975 (House Bill 2210) does not violate the provisions of Section 16, Article 2 of the Kansas Constitution, and defendants' motion to limit recovery must be denied.

IT IS SO ORDERED.