## WEST ET AL. *v.* AMERICAN TELEPHONE AND TELEGRAPH CO.

Nos. 44 and 45. Argued November 13, 1940.—Decided December 9, 1940.

*Mr. H. L. Deibel,* with whom *Mr. Orlin F. Goudy* was on the brief, for petitioners.

226

*Mr. William B. Cockley* for respondent.

230

MR. JUSTICE STONE delivered the opinion of the Court.

The Circuit Court of Appeals in this case, in which jurisdiction rests exclusively on diversity of citizenship, declined, to follow the ruling in *West* v. *American Telephone & Telegraph Co.*, 54 Ohio App. 369; 7 N. E. 2d 805; 7 Ohio Opinions 363, of the Cuyahoga County Court of Appeals, an intermediate appellate court of Ohio. The question for decision is whether, in refusing to follow the rule of law announced by the state court, the court below failed to apply state law within the requirement of § 34 of the Judiciary Act of 1789 and of our decision in *Erie Railroad Co.* v. *Tompkins*, 304 U. S. 64.

In 1926 an Ohio decedent, domiciled at death in Cuyahoga County, bequeathed his estate, including ninety-two shares of the common stock of respondent, to his widow for life, with remainder to petitioners, the sons of decedent's first wife, who was the sister of his widow. February 2, 1927, the widow tendered to respondent, for transfer, certificates for the ninety-two shares of stock standing in decedent's name, each endorsed with an assignment of the shares evidenced by the certificate, to the widow, signed in her name as executrix of decedent's estate. Accompanying the certificate were duly attested documents as follows: A copy of decedent's will, a cer-

tificate of the Cuyahoga County Probate Court of the qualification of the widow as executrix under the will; copy of an application of the executrix for the distribution in kind of the estate, consisting of specified corporate stocks including the ninety-two shares of respondent's stock, with the appended consent of petitioners to the distribution in kind, and a copy of the journal of the probate court showing that it had granted the application and ordered the distribution.

Thereupon respondent issued a new certificate for the ninety-two shares in the name of the widow which did not disclose her limited interest as life tenant or that of petitioners as remaindermen. October 31, 1929 the widow endorsed and delivered the certificate as collateral security for her brokerage account to a stock broker to whom respondent issued a new certificate in his name as stockholder on November 4, 1929. In March, 1934, petitioners first learned of this disposition of the shares by the widow and in June, 1934, brought suit against respondent in the Cuyahoga County Court of Common Pleas, seeking recovery of damages for the wrongful transfer of the shares. In addition to defenses on the merits respondent set up the Ohio four-year statute of limitations. After a trial on the merits the trial court gave judgment for petitioners, which the Cuyahoga County Court of Appeals reversed. The state Supreme Court denied petitioners' motion to require the court of appeals to certify its record to the Supreme Court for review because of "probable error" in the case, after which the Court of Common Pleas entered "final judgment against appellees [petitioners here] and in favor of appellant [respondent here]" upon the mandate of the Court of Appeals stating "the judgment of the Court of Common Pleas is reversed for reasons stated in opinion on file and final judgment is hereby rendered for appel-

lant, no error appearing in the record." The opinion of the appellate court was not filed but copies were furnished counsel and it appears of record.

The state court of appeals held that upon the tender for transfer of the certificates of stock by the executrix it was the duty of respondent to issue a new certificate showing on its face the respective interests of the life tenant and of the petitioners as remaindermen; that the transfer of the shares by respondent to the broker without the endorsement of the certificate by petitioners was unauthorized and wrongful; that the unlawful disposition of the stock by the life tenant did not terminate the life interest or accelerate the rights of the remaindermen, but that the refusal of respondent after demand by petitioner to recognize and reestablish petitioners' rights in the stock, or other stock of equal par value, was a conversion of it entitling petitioners to damages to the extent of the value of their interest in the stock or to a decree of restitution directing respondent to issue a new certificate for the ninety-two shares in such manner as would protect the respective interests of all parties.

Construing the relevant provisions of the Ohio Uniform Stock Transfer Act (Ohio G. C., §§ 8673-1-22) the court held that as a prerequisite to recovery for conversion of petitioners' interest in the stock it was necessary that respondent repudiate petitioners' title and that the petitioners should allege and prove that respondent had refused to recognize petitioners' right in the stock and to issue an appropriate certificate for it. As petitioners had failed to allege or prove any demand on respondent or any refusal by it in advance of suit to recognize petitioners' rights or to issue an appropriate certificate, the court directed judgment for respondent in conformity to its mandate.

On June 18, 1937, following the denial of petitioners' motion by the state Supreme Court, in January, 1937,

petitioners made demand on respondent, the sufficiency of which is not questioned, to restore to petitioners their rights in the shares, and on July 14, 1937, petitioners brought the present suit in the federal district court for Northern Ohio. The bill of complaint, after alleging the facts already mentioned which the state court had found to establish the wrongful transfer of the stock by respondent and after reciting the course and results of the litigation in the state courts and the demand on respondent, set up petitioners' right to relief according to the decisions of the state courts and prayed judgment that respondent issue to petitioners a certificate for the ninety-two shares of stock and for back dividends with interest, and damages, and generally for other relief.

The trial court found that the cause of action did not accrue until the demand made upon respondent; that suit was not barred by the prior adjudication in the state court since that suit, in which no demand was alleged or proved, was on a different cause of action from that now asserted; that it was not barred by limitations or laches and that the remainder interests had not been accelerated by the wrongful disposition and transfer of the stock. It accordingly decreed that respondent procure by purchase or otherwise ninety-two shares of its common stock, issue a certificate for it to a trustee, which was directed to hold the stock during the lifetime of the widow for the benefit of respondent and upon her death to make distribution of it to the remaindermen as directed by the will.

The Court of Appeals for the Sixth Circuit dismissed the appeal of petitioners raising questions not now material and on the appeal of the respondent, reversed the decree of the district court, 108 F. 2d 347. It held contrary to the ruling of the state court that demand upon respondent was not prerequisite to the accrual of petitioners' cause of action and that petitioners' right of re-

covery was barred by limitations and laches. We granted certiorari, 310 U. S. 618, upon a petition which set up that the Court of Appeals had erroneously failed to apply the Ohio law with respect to the necessity for a demand as defined by the state court of appeals in the litigation between the present parties and that the court below had erroneously applied the Ohio rule of limitations and of laches, all questions of public importance concerning the interrelation of state and federal courts.

The court below thought that demand was not an essential part of the cause of action where the suit was brought by remaindermen not entitled to possession of the stock certificate, consequently that the district court had erred in following the ruling of the state court of appeals and that both had misconstrued and misapplied an earlier decision of the court below in *American Steel Foundries* v. *Hunt*, 79 F. 2d 558, where demand was held to be prerequisite to a suit brought by one who had acquired shares by purchase but had failed to present the endorsed certificate to the corporation for transfer before bringing suit. It cited decisions of similar purport by the Ohio Supreme Court but recognized that the only Ohio case passing upon the question whether demand is prerequisite to suit in the case of a remainderman is the decision of the state court of appeals in *West* v. *American Telephone & Telegraph Co., supra.* It held that it was not bound to follow the decision of an intermediate appellate court of the state and so was free to adopt and apply what it considered to be the better rule that demand is unnecessary and consequently is not a part of the petitioners' cause of action. From this it concluded that the cause of action which it thought had accrued in 1927 when the stock certificate was issued to the life tenant, was barred by the four-year statute of limitations applicable to causes of action "for an injury to the rights of the plaintiff not arising on contract . . ."

§ 11224 Ohio G. C., or by laches if demand were necessary.

Since the equitable relief sought in this suit is predicated upon petitioners' legal rights growing out of respondent's unlawful transfer of the stock to the assignee of the life tenant, the state "laws" which, by § 34 of the Judiciary Act of 1789, c. 20, 28 U. S. C., § 725, are made "the rules of decision in trials at common law" define the nature and extent of petitioners' right. See *Russell v. Todd*, 309 U. S. 280, 289. And the rules of decision established by judicial decisions of state courts are "laws" as well as those prescribed by statute. *Erie Railroad Co. v. Tompkins, supra*, 78. True, as was intimated in the *Erie Railroad* case, the highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law unless it has later given clear and persuasive indication that its pronouncement will be modified, limited or restricted. See *Wichita Royalty Co. v. City National Bank*, 306 U. S. 103, 107. But the obvious purpose of § 34 of the Judiciary Act is to avoid the maintenance within a state of two divergent or conflicting systems of law, one to be applied in the state courts, the other to be availed of in the federal courts, only in case of diversity of citizenship. That object would be thwarted if the federal courts were free to choose their own rules of decision whenever the highest court of the state has not spoken.

A state is not without law save as its highest court has declared it. There are many rules of decision commonly accepted and acted upon by the bar and inferior courts which are nevertheless laws of the state although the highest court of the state has never passed upon them. In those circumstances a federal court is not free to reject the state rule merely because it has not received the sanction of the highest state court, even though it

thinks the rule is unsound in principle or that another is preferable. State law is to be applied in the federal as well as the state courts and it is the duty of the former in every case to ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule, however superior it may appear from the viewpoint of "general law" and however much the state rule may have departed from prior decisions of the federal courts. See *Erie Railroad Co.* v. *Tompkins, supra,* 78; *Russell* v. *Todd, supra,* 203.

Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise. *Six Companies of California* v. *Joint Highway District, ante,* p. 180; *Fidelity Union Trust Co.* v. *Field, ante,* p. 169. Cf. *Graham* v. *White-Phillips Co.,* 296 U. S. 27; *Wichita Royalty Co.* v. *City National Bank, supra,* 107; *Russell* v. *Todd, supra.* This is the more so where, as in this case, the highest court has refused to review the lower court's decision rendered in one phase of the very litigation which is now prosecuted by the same parties before the federal court. True, some other court of appeals of Ohio may in some other case arrive at a different conclusion and the Supreme Court of Ohio, notwithstanding its refusal to review the state decision against the petitioner, may hold itself free to modify or reject the ruling thus announced. *Village of Brewster* v. *Hill,* 128 Ohio St. 343, 353; 190 N. E. 766.[1] Even though it is arguable

[1] Article IV, § 6 of the Ohio Constitution provides that: "Judgments of the courts of appeals shall be final in all cases, except cases involving questions arising under the Constitution of the United States or of this state . . . and cases of public or great general interest in which the supreme court may direct any court of appeals

that the Supreme Court of Ohio will at some later time modify the rule of the *West* case, whether that will ever happen remains a matter of conjecture. In the meantime the state law applicable to these parties and in this case has been authoritatively declared by the highest state court in which a decision could be had. If the present suit had been brought in the Cuyahoga county court no reason is advanced for supposing that the Cuyahoga court of appeals would depart from its previous ruling or that the Supreme Court of the state would grant the review which it withheld before. We think that the law thus announced and applied is the law of the state applicable in the same case and to the same parties in the federal court and that the federal court is not free to apply a different rule however desirable it may believe it to be, and even though it may think that the state Supreme Court may establish a different rule in some future litigation.

Whether the state court of appeals in the first suit defined the cause of action as arising out of the failure of respondent to describe correctly the interests of the parties, in the certificate issued to the widow in 1927, or out of the wrongful transfer in 1929, is immaterial to the question of the period of limitation. In either case, since the cause of action under the Ohio law did not arise until demand, which was either on June 2, 1934, when the suit was brought in the state court, or June 18, 1937, when the formal demand was made, the statute of limitations did not begin to run until one or the other of those dates. See *Keithler* v. *Foster*, 22 Ohio St. 27.

---

to certify its record to that court . . . and whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination."

It is unnecessary to decide whether, as petitioners contend, the suit was on contract or statutory liability to which the six-year statute applies, § 11222, Ohio G. C., or "for the recovery of personal property or for taking or detaining it," in which case the cause of action is not deemed to accrue "until the wrongdoer is discovered . . ." § 11224, Ohio G. C., see *Cleveland & Mahoning R. Co.* v. *Robbins*, 35 Ohio St. 483, 502, or whether as the court below held the cause of action was "for injury to the rights of the plaintiff not arising on contract . . .," in which case the statute runs from the date of the injury when demand is not required. § 11224, Ohio G. C. For in any event since under Ohio law no cause of action arose until demand was made, the four-year period would run either from the date of the first suit, or from that of the formal demand, and had not expired on July 14, 1937, when the present suit was commenced in the district court.

The court below also held that if demand were to be deemed a prerequisite to suit petitioners were barred by their "unnecessary delay" in making it, citing *Keithler* v. *Foster, supra*, for the proposition that demand must be made within four years after the cause arose (1927 or 1929), the time limited by the statute for bringing an action if no demand were necessary. But the Supreme Court in that case thought it correct to apply the rule relied upon by the circuit court of appeals only when "no cause for delay can be shown." Cf. *Stearns* v. *Hibben Dry Goods Co.*, 11 Ohio C. C. (N.S.) 553; 31 Ohio C. C. 270; affirmed 84 Ohio St. 470; 95 N. E. 1157. Here no special circumstances are shown for limiting the time of demand or shortening the statutory period after demand.[2] Both the state court and the district court

---

[2] In *Keithler* v. *Foster*, 22 Ohio St. 27, the demand on a sheriff for moneys collected on an execution sale in 1855 was not made until 1867. The Supreme Court in holding that the suit brought

in this case have ruled that petitioners are not estopped by their consent to distribution, which both courts interpreted as a consent only to a lawful distribution by a lawful procedure. The district court also found that the evidence relied upon to show lack of diligence on the part of petitioners in prosecuting inquiries which would have disclosed the unlawful transfer failed of its purpose and was insufficient to establish either estoppel or laches. At most the evidence shows that in 1930 one of the petitioners became suspicious that the life tenant had suffered losses in the stock market and made inquiry of one corporation whose stock was included in the estate only to learn that the stock certificate had been properly issued to the widow as life tenant of the estate and that he made no further inquiries. The record is barren of any

on the sheriff's bond in 1868 was not barred by the ten year statute of limitations said that where "the statute begins to run, in cases like this, from the time of demand, it would be but reasonable to hold, in the absence of other special circumstances, when no demand is shown to have been made within the statutory period for bringing the action, that, for the purpose of setting the statute in operation, a demand will be presumed at the expiration of that period, from which time the statute will begin to run."

In *Douglas* v. *Corry*, 46 Ohio St. 349; 21 N. E. 440; *Townsend* v. *Eichelberger*, 51 Ohio St. 213; 38 N. E. 207, on which respondent relies, no suit was brought until after the expiration of the additional limitation period after the demand was made or presumed as in *Keithler* v. *Foster*, *supra*.

Here, even if demand were presumed at the end of a four year period, which began to run either in 1927 or 1929, the state court action was timely when begun on June 2, 1934. It was dismissed in February, 1937. The present action was begun in July, 1937. § 11233 of the Ohio G. C. provides: "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff be reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff . . . may commence a new action within one year after such date "

evidence to suggest that petitioners had any ground for suspicion that respondent had issued the certificate to the life tenant in any improper or unlawful form before March, 1934, when they discovered the misappropriation of the stock. They brought suit in the state court the following June. We think there was no want of diligence on the part of petitioners in presenting and prosecuting their demand and that the findings of the trial court are supported by the evidence and should not have been disturbed.

The judgment will be reversed, but as other points involving questions of state law argued here were not passed upon by the Court of Appeals the cause will be remanded to that court for further proceedings not inconsistent with this opinion.

*Reversed.*

MR. JUSTICE ROBERTS:

I concur in the opinion of the court in so far as it holds that the Circuit Court of Appeals should have treated the decision of the Cuyahoga County Court of Appeals, under the circumstances of this case, as expressing the law of Ohio with respect to the necessity of a demand prior to institution of suit. I do not, however, agree that the judgment should be reversed.

I am unable to say that the court below erred in holding that, under Ohio law, the four-year period of limitations applied to petitioners' cause of action, and that delay of demand for more than four years after the cause of action accrued barred the suit. Both holdings seem to me to be supported by decisions of the Ohio courts; *Keithler* v. *Foster,* 22 Ohio St. 27; *Douglas* v. *Corry,* 46 Ohio St. 349; 21 N. E. 440; *Townsend* v. *Eichelberger,* 51 Ohio St. 213; 38 N. E. 207; *Stearns* v. *Hibben Dry Goods Co.,* 11 Ohio C. C. (N. S.) 553, 31 Ohio C. C. 270; affirmed 84 Ohio St. 470; 95 N. E. 1157. There is here

no place for any presumption of demand, as in *Keithler* v. *Foster,* for here the suit in the state court was dismissed on the express ground that no demand had in fact been made; and in the present suit in the United States District Court the averment of the complaint is that demand was made June 18, 1937, at least eight years after the cause of action accrued. In such circumstances, as the other cited cases show, a demand made at a date beyond the period of limitations, does not toll the statute. In the *Douglas* case the averment was that demand was made nine years after the cause of action accrued and suit was brought within four years thereafter. In the *Stearns* case it was alleged demand was made four years and nine months after accrual of cause of action, and suit begun within four years thereafter. The statute of limitations was held a bar in both.

Though the action was in equity, an action at law might have been maintained (*Stearns* v. *Hibben Dry Goods Co., supra; Russell* v. *Todd,* 309 U. S. 280, 289), and the statute governing such an action is applicable.

Not only have petitioners failed to show "special circumstances" justifying their delay in making demand (*Keithler* v. *Foster, supra*), but the court below has held they were guilty of laches, an independent ground of decision, which, though the question be a close one, we ought not, under our settled practice, to reëxamine.

For these reasons I think that, despite the erroneous view of the Circuit Court of Appeals as to the law of Ohio on the point decided by the State Court of Appeals, the judgment should be affirmed.