*47
 
 Hart, J.,
 

 dissenting. The funds in controversy in this case were deposited with the clerk of the Probate Court in 1928. He, in turn, paid them to the county treasurer on October 10, 1933. During that interim the liability to the owner of such funds was that of the clerk of the Probate Court and his bondsmen, which liability came to an end upon payment of the money to the county treasurer. The county treasurer, or the county itself, could not be liable for these funds prior to October 10, 1933, because the money did not come into his or its hands until that date. Consequently, the statute of limitation did not begin to run in favor of the county treasurer or the county prior to October 10, 1933.
 

 During the period from October 10, 1933, to October 10, 1938, by virtue of the provisions of Section 286, General Code, the treasurer held these funds as a ‘ ‘ special trust fund ’’for the ‘
 
 ‘
 
 lawful owner. ’ ’ During this time, at least, the statute did not run against the treasurer or county, both because no demand had been made for the funds by the owner, and because by Section 11236, General Code, the statute of limitation did not apply in case of a “continuing and subsisting trust. ” In no event has the ten-year statute of limitation run in favor of the treasurer or the county.
 

 Section 286, General Code, providing that “if not claimed within a period of five years after having been so credited to said special trust fund, such money shall revert to the general fund of the political subdivision where collected, ’ ’ is not a statute of limitation in favor of the county. This statute must be strictly construed in favor of the lawful owner of the fund, and there is no provision therein that he cannot maintain an action to recover such funds after a certain date, as is provided in all statutes of limitation.
 

 Furthermore, the relation between the county and the landowner, whose money representing his land was paid into the county for his use and benefit and subject
 
 *48
 
 to his demand, was not that of debtor and creditor but rather that of trustee and beneficiary. By reason of the statute, the county was a mere stakeholder of the money pending the determination of the litigation between the landowner and utility which condemned his land. When the litigation was concluded, the money was subject to the demand of its owner for payment. The county could not be in default for payment and no suit to recover the money could be maintained against it until such demand had been made. Where a condition precedent to a cause of action exists, such as demand and refusal, the cause of action does not accrue, as respects limitations, until the condition has been performed. Under the circumstances of this case, the statute of limitation did not begin to run against the beneficiary until he had made a demand for his money and payment had been refused. No such demand having been made, the claim was not barred and the assignee of the owner is entitled to enforce payment.
 
 Keithler
 
 v.
 
 Foster, 22
 
 Ohio St., 27;
 
 West
 
 v.
 
 American Tel. & Tel. Co.,
 
 311 U. S., 223, 239, 240, 85 L. Ed., 139, 61 S. Ct., 179, and footnote.
 

 The controversy in the case last cited had its origin in the Probate Court of Cuyahoga county and was first litigated in the state courts. (See
 
 West
 
 v.
 
 American Tel. & Tel. Co.,
 
 54 Ohio App., 369, 7 N. E. [2d], 805.) The Supreme Court of the United States, in reversing the judgment of the Circuit Court of Appeals in
 
 West
 
 v.
 
 American Tel. & Tel. Co.,
 
 108 F. (2d), 347, holds that the rule stated in
 
 Keithler
 
 v.
 
 Foster, supra,
 
 is the law in Ohio. The court in its opinion said:
 

 “Since the cause of action under the Ohio law did not arise until demand which was either on June 2, 1934, when the suit was brought in the state court, or June 18, 1937, when the formal demand was made, the statute of limitations did not begin to run until one or the other of these dates.”
 

 The footnote, appended to the official opinion in the
 
 *49
 
 same case, in referring to the cases of
 
 Douglas
 
 v.
 
 Corry, Exrx.,
 
 46 Ohio St., 349, 21 N. E., 440, 15 Am. St. Rep., 604, and
 
 Townsend
 
 v.
 
 Eichelberger,
 
 51 Ohio St., 213, 38 N. E., 207, upon which appellee in this case relies, says:
 

 “In
 
 Keithler
 
 v.
 
 Foster,
 
 22 Ohio St., 27, the demand on a sheriff for moneys collected on an execution sale in 1855 was not made until 1867. The Supreme Court in holding that the suit brought on the sheriff’s bond in 1868 was not barred by the ten-year statute of limitations said that where ‘the statute begins to run, in cases like this, from the time of demand, it would be but reasonable to hold, in the absence of other special circumstances, when no demand is shown to have been made within the statutory period for bringing the action, that, for the purpose of setting the statute in operation, a demand will be presumed at the expiration of that period, from which the statute will begin to run.’
 

 “In
 
 Douglas
 
 v.
 
 Corry,
 
 46 Ohio St., 349;
 
 Townsend
 
 v.
 
 Eichelberger,
 
 51 Ohio St., 213, on which respondent relies, no suit was brought until after the expiration of the additional limitation period after the demand was made or presumed as in
 
 Keithler
 
 v.
 
 Foster, supra.
 

 “Here, even if demand were presumed at the end of a four-year period, which began to run either in 1927 or 1929, the state court action was timely when begun on June 2, 1934.”
 

 In my opinion, the rule stated in
 
 Keithler
 
 v.
 
 Foster, supra,
 
 which has been so recently approved by the Supreme Court in
 
 West
 
 v.
 
 American Tel. & Tel. Co., supra,
 
 is applicable here. The county did not have the slightest right or interest in this money, and the award to it as against the rightful owner or his assignee constitutes unjust enrichment.
 

 Williams and Bettman, JJ., concur in the foregoing dissenting opinion.