**Lewis O. NAPIER, Plaintiff,**

v.

**E. A. GRAW, D. A. Davis, John Forrester, Joseph A. Thiel, Defendants.**

**Civ. A. No. 32517.**

United States District Court
N. D. Ohio, E. D.
Nov. 1, 1957.

Edward T. Butler, Cleveland, Ohio, for plaintiff.

Joseph A. Thiel, Cleveland, Ohio, for Graw and himself.

Ralph D. Kovanda, Cleveland, Ohio, for Forrester & Davis.

WEICK, District Judge.

The defendants are officers and members of the Board of Directors of Colonial Insurance Company, a mutual protective association organized and licensed under the insurance laws of Ohio for the purpose of writing health and accident insurance.

The company was subject to regulation by the Division of Insurance of the State of Ohio.

The complaint alleged that a written agreement of settlement was entered into on October 2, 1955, between plaintiff and defendant E. A. Graw under the provisions of which Graw assigned to plaintiff renewal commissions due and to become due to Graw from the insurance company, for a period of years, as provided in an agency agreement between Graw and the insurance company dated November 1, 1950; that the insurance company accepted the assignment.

The complaint alleged that in the negotiations for the settlement, the defendants, who were in control of the affairs of the insurance company, represented to plaintiff, that the agency agreement was legally binding upon the insurance company; that no steps would be taken to terminate any rights of Graw or of plaintiff thereunder and that the renewal

commissions would be paid as they accrued; that plaintiff entered into said settlement agreement on the faith of said assurances.

The complaint charged the defendants with a conspiracy to injure and damage the plaintiff by taking steps in violation of said assurance, to cancel and terminate the rights of Graw and plaintiff under the agency agreement and prays for damages in the amount of $100,000.

The motion for summary judgment was supported by affidavits and briefs including copies of the pleadings and judgment entries of the Common Pleas Court and the Court of Appeals of Cuyahoga County, Ohio, in the case of Colonial Insurance Company v. Graw, Common Pleas Court No. 656,614, 102 Ohio App. 430, 129 N.E.2d 491.

It appears from the evidence that on January 25, 1954, the Superintendent of Insurance of the State of Ohio wrote a letter to the insurance company advising it that the agency agreement with Graw dated November 1, 1950, had been reviewed and in the judgment of the Division of Insurance it conflicted with the principles established by the Supreme Court of Ohio in the case of State ex rel. National Mutual Insurance Company v. Conn, 115 Ohio St. 607, 155 N.E. 138, 50 A.L.R. 473, and was therefore, illegal. The insurance company was asked by the Superintendent of Insurance to cancel the agency agreement immediately and to make no further payments on either past or present obligations.

The insurance company, in conformity with the order of the Superintendent of Insurance, notified Napier in writing of the cancellation of the agency agreement and then instituted the action, hereinbefore mentioned, in the Court of Common Pleas of Cuyahoga County against defendant, E. A. Graw, doing business as E. A. Graw Agency, L. O. Napier (plaintiff herein) and defendant Joseph A. Thiel for declaratory judgment with respect to the validity of said agency agreement and its liability to Napier for commissions thereunder.

In said action, Napier filed a counterclaim in which he sought to enforce the agency agreement and assignment against the insurance company and prayed for judgment in the amount of $135,000.

The case was heard by the Common Pleas Court, on its merits, resulting in a finding and judgment by the court that Graw had not performed the agency agreement, but had used funds of the insurance company in violation of the insurance laws, to operate the agency and that the agreement was, therefore, void and unenforceable. Judgment was entered accordingly in favor of the insurance company and Napier's counterclaim was dismissed.

On appeal to the Court of Appeals, the judgment was affirmed. Colonial Insurance Company v. Graw, 102 Ohio App. 430, 129 N.E.2d 491. The appellate court held that there had been a failure of consideration and that the agency agreement was unenforceable.

Thus we have an adjudication by the state courts that the agency agreement, which constituted the very basis of plaintiff's claim, was unenforceable and that the insurance company owed him nothing under his asignment.

This Court is required to follow the decision of the state court of appeals on the law of Ohio. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; West v. American Telephone & Telegraph Co., 311 U.S. 223, 61 S.Ct 179, 85 L.Ed. 139.

In substance, the plaintiff's claim is that the officers and directors of the insurance company, in violation of their agreement and understanding with him, conspired to defeat his claim against the insurance company and that he was damaged as a result thereof.

The Superintendent of Insurance of the State of Ohio made an order upon the insurance company to cancel the agency agreement. The insurance company could have refused to obey the order with the risk of having its license to do

business cancelled, but it chose to comply therewith. The insurance company adopted the proper procedure, namely, to ask a court of competent jurisdiction to determine the controversy.

Plaintiff knew, when he entered into the settlement agreement, that the defendants were officers and directors of the insurance company and as such were acting in a fiduciary capacity. They had no right to squander its assets or to pay claims which it did not owe. For them to agree, as plaintiff claims, to cause the insurance company to recognize and pay an illegal and unenforceable claim, which the company did not owe, would have constituted a fraud on the insurance company and its policyholders. This Court could not enforce any such agreement, even if the officers and directors had made it, for it would be illegal. If defendants conspired to resist plaintiff's claim, they merely performed their duty which they owed to the insurance company under the law and they violated no obligation to the plaintiff. Gross v. Campbell, 118 Ohio St. 285, 160 N.E. 852; Sullivan v. Wilkoff, 63 Ohio App. 269, 26 N.E.2d 460.

■ The assignment to plaintiff of commissions due and to become due to Graw under the provisions of the agency agreement did not vest in plaintiff any greater rights than were possessed by Graw. Since Graw's agency agreement was unenforceable, no commissions became due and the assignment was without effect.

Napier is not in a position here to relitigate the validity of the order of Superintendent of Insurance nor collaterally attack the judgment against him in the state court determining the invalidity of the agency agreement.

Since the insurance company owed Napier nothing, he could not be damaged by a conspiracy even if it existed.

There is no genuine issue of fact in this case. The motion for summary judgment is, therefore, granted and the complaint is dismissed.