**PORTFOLIOSCOPE, INC., Plaintiff,**

v.

**I–FLEX SOLUTIONS LIMITED, Defendant.**

**Civil Action No. 05–12615–JLT.**

United States District Court, D. Massachusetts.

Feb. 12, 2007.

Christopher Centurelli, Daniel E. Rosenfeld, David A. Simons, Jeffrey L. Snow, Phi Lan M. Tinsley, Sarah C. Kellogg, Kirkpatrick & Lockhart Nicholson Graham LLP, Boston, MA, for Plaintiff.

Chad R. Berkowitz, Paul W. Garrity, Robert S. Friedman, Kelley Drye & Warren LLP, New York, NY, Stephen C. Reilly, Sally & Fitch LLP, Boston, MA, for Defendant.

*MEMORANDUM AND ORDER*

TAURO, District Judge.

After considering the Parties' submissions and the *Second Amended Complaint* wherein Plaintiff advances eight counts complaining that in 1998, Defendant's predecessor ("CITIL") wrongfully stole and incorporated Plaintiff's predecessor's ("CAD's") software ("GPVS") into its own product ("FLEXCUBE"), this court hereby orders that:

1. Defendant's *Motion to Dismiss First Amended Complaint* [# 9] is DENIED AS MOOT.

2. Plaintiff's *Motion to Amend First Amended Complaint* [# 14] is ALLOWED.

3. Defendant's *Motion to Dismiss Second Amended Complaint* [# 16] is ALLOWED IN PART AND DENIED IN PART as follows:

   A. Plaintiff's claims for copyright infringement are barred only for events falling outside the three-year limitations period.[1] Because Count VIII of the Second Amended Complaint alleges continuing infringement,[2] this count stands.

   B. As to the question of the statute of limitations defense to its other counts, Plaintiff seeks the protection of the "Discovery Rule" and alleges that it was not able to discover Defendant's alleged misappropriation until April 2003.[3] The limitations defense therefore depends on the reasonableness of Plaintiff's efforts at discovering the alleged injury.[4] Taking Plaintiff's allegations as true, its claims cannot be dismissed on this ground.[5] None-

---

1. *See Greenberg v. Town of Falmouth*, No. 04–11934, 2005 WL 629509, **1–2, 2005 U.S. Dist. LEXIS 4134, at *1–4 (D.Mass. March 15, 2005) (explaining relevant case law and adopting the position that a plaintiff may not sue a continuing infringer for events occurring outside the limitations period, but may sue for acts occurring within the period).

2. *Second Am. Compl.*, Paper # 14, Ex. A, ¶ 62.

3. *Id.* at ¶ 17.

4. *Saenger Org. v. Nationwide Ins. Licensing Assocs.*, 119 F.3d 55, 65 (1st Cir.1997) (granting *summary judgment* to a defendant where the plaintiff should have known that his name was not included in a copyright registration application that he reviewed).

5. Granting a motion to dismiss on a statute of limitations defense is appropriate when there is no set of facts which, if proven, could prevent the claim from being time-barred. *See LaChapelle v. Berkshire Life Ins. Co.*, 142

theless, in the *Joint Statement* filed before the Rule 16(b) Scheduling Conference, parties shall explore the efficiency and advisability of conducting phased discovery on this issue.

C. Massachusetts law establishes that a trade secret must be in continuous use.[6] Although Plaintiff has adequately identified that the GPVS is a trade secret, it does not allege that this trade secret is in continuous use.[7] Despite Plaintiff's willingness to adduce new facts in its Opposition, it noticeably fails to argue that the relevant trade secrets are still in use. Instead, Plaintiff argues that such a requirement should not apply. In light of this failure in the pleadings, and because Plaintiff has already had three op-

portunities to plead its claims, Count I is dismissed with prejudice.

D. By alleging that Defendant profits from publicly selling its FLEX-CUBE product which is unlawfully derived from Plaintiff's GPVS product, Plaintiff indirectly states a claim that Defendant is "passing off" Plaintiff's work as its own.[8] Because "passing off" is an extra element not required in a claim for copyright infringement, Plaintiff's claims for violations of Chapter 93A and unjust enrichment are not preempted at this time.[9] As a result, Counts II and IV stand.

E. The Plaintiff's allegations support an inference that third party Cross-Mar and CITIL entered into a nondisclosure agreement which was intended to benefit CAD.[10] That Plaintiff has not yet discovered the

---

F.3d 507, 509 (1st Cir.1998) (granting such a motion). In this case, discovery could show that Plaintiff in fact could not determine the nature of the allegedly infringing product until 2003.

**6.** *J.T. Healy & Son v. James A. Murphy & Son,* 357 Mass. 728, 260 N.E.2d 723, 729 (1970). This is a requirement adopted from the first Restatement of Torts. Plaintiffs note that one District of Massachusetts judge has questioned the vitality of this continuous use requirement in light of the new definition in the third Restatement of Unfair Competition. *Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Ltd.,* No. 02–12102, 2006 WL 1766434, *10, 2006 U.S. Dist. LEXIS 43690, at *34 (D.Mass.2006) (Zobel, J.) (refusing to decide the issue as the trade secret in that case was in continuous use). Another judge in this District has used the requirement as an alternative basis for allowing a motion to dismiss a trade secret claim. *Swartz v. Schering–Plough Corp.,* 53 F.Supp.2d 95, 101 n. 7 (D.Mass.1999) (Young, J.). Whatever its wisdom, the continuous use requirement is part of Massachusetts law and this court is powerless to remove it. *See West v. American Tel. & Tel. Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139 (1940) ("State law is to be applied

in the federal as well as the state courts and it is the duty of the former in every case to ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule, however superior it may appear from the viewpoint of 'general law' and however much the state rule may have departed from prior decisions of the federal courts.").

**7.** *See generally Second Am. Compl.,* Paper # 14, Ex. A.

**8.** *Second Am. Compl.,* Paper # 14, Ex. A., ¶ 17, 23, and 48.

**9.** *See Henry v. Nat'l Geographic Soc'y,* 147 F.Supp.2d 16, 23 (D.Mass.2001) (noting another case where "by acquiring the artwork without paying for it and then disputing its origination, the claim was not preempted because it 'had attained a level of rascality beyond mere copyright infringement.' ") (citing *Patricia Kennedy & Co. v. Zam–Cul Enters.,* 830 F.Supp. 53, 57 (D.Mass.1993)); *Rubin v. Brooks/Cole Publ'g Co.,* 836 F.Supp. 909, 923–25 (D.Mass.1993).

**10.** *Second Am. Compl.,* Paper # 14, Ex. A, ¶ 13.

actual contract does not preclude Plaintiff from proceeding on such a theory at this stage. Count III stands.

F. Plaintiff complains of conversion and replevin with respect to the "FLEXCUBE software product."[11] Likely recognizing that these claims require an allegation of wrongful possession of tangible property,[12] Plaintiff states in its Opposition memorandum that Defendant "was in wrongful possession of tangible copies of software and code through its possession of disks, tapes, and drives."[13] Although it is axiomatic that a Plaintiff may not amend its pleadings in the opposition memorandum,[14] the Complaint itself does give notice of this claim by alleging that Defendant was in wrongful possession of Plaintiff's property.[15] Because Plaintiff could prove facts at trial which would establish that Defendant stole Plaintiff's physical property, Counts VI and VII stand.

G. Fed.R.Civ.P.R. 9(b) requires Plaintiff to plead its fraud charge by particularly identifying "the who, what, where, and when of the allegedly false or fraudulent representation."[16] Though Plaintiff's Complaint is somewhat bare, it does specifically define a claim that Ashit Shah and Sajal Mukherjee know-ingly misrepresented their plans to use confidential information when dealing with CAD. This misrepresentation allegedly occurred at the specific point where Shah and Mukherjee, on behalf of CITIL, agreed to become a Third Party Vendor with CrossMar.[17] Count V stands.

IT IS SO ORDERED.

---

11. *Id.,* ¶ 35, 38–39, and 52.

12. *Jayson Assocs. v. UPS Co.,* No. 04–10771, 2004 WL 1576725, *2, 2004 U.S. Dist. LEXIS 13191, at *5 (D.Mass. July 15, 2004). Even without such case law, both claims would be pre-empted to the extent that they hold a party liable simply for the act of taking or copying another's intellectual property, without requiring the extra element of passing off. *See Henry v. Nat'l Geographic Soc'y,* 147 F.Supp.2d 16, 21 (D.Mass.2001).

13. *Pl. Opp. to Def.'s Mot. to Dismiss Portfolioscope's Second Am. Compl.,* Paper # 19, p. 18.

14. *Guckenberger v. Boston Univ.,* 957 F.Supp. 306, 311 (D.Mass.1997).

15. *Second Am. Compl.,* Paper # 14, Ex. A, ¶ 38–39.

16. *Rodi v. S. New Eng. Sch. of Law,* 389 F.3d 5, 15 (1st Cir.2004).

17. *Second Am. Compl.,* Paper # 14, Ex. A, ¶ 41–45.