**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD R. SWORTWOOD, as Trustee for Donald R. Swortwood Trust Dated July 7, 1995; LETITIA H. SWORTWOOD, as Trustee of the Letitia H. Swortwood Revocable Trust #1 Dated September 16, 1992; SCOTT PANCOAST, an individual; BENJAMIN GREENSPAN, an individual,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>TENEDORA DE EMPRESAS, S.A. DE C.V.,<br><br>Defendant - Appellant. | No. 13-56154<br><br>D.C. No. 3:13-cv-00362-BTM-BLM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted February 4, 2014
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PREGERSON and BERZON, Circuit Judges, and AMON, Chief District Judge.[**]

Tenedora de Empresas ("Tenedora") appeals the district court's issuance of a preliminary injunction prohibiting, among other things, final distribution to Tenedora of proceeds from the sale of Neology, Inc., a Delaware corporation. We reverse.

**1.** Tenedora contests whether there is a serious question on the merits as to whether Tenedora breached its fiduciary duty as a majority preferred shareholder by precluding plaintiffs from enjoying their own preferential right to a liquidation preference. Delaware law recognizes no such fiduciary duty.

*Jedwab v. MGM Grand Hotels, Inc.* held that majority shareholders owe a fiduciary duty to preferred shareholders only "where . . . the right asserted [by a preferred shareholder] is not to a preference as against the common stock but rather a right shared equally with the common[.]" 509 A.2d 584, 594 (Del. Ch. 1986). By contrast, a preferential right of preferred stock "relate[s] to a negotiated preference and must be evaluated strictly as a contract right." *Id.* at 594 n.6. *Jedwab*'s distinction between the rights preferred shareholders enjoy *as* preferred shareholders, and those they share with holders of common stock, was not dicta, as

---

[**] The Honorable Carol Bagley Amon, Chief District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

*Jedwab* relied on that distinction to dispose of one of the four theories of liability before it. *See Jedwab*, 509 A.2d at 594 n.6; *see also United States v. Rivera-Corona*, 618 F.3d 976, 986 (9th Cir. 2010) ("A proposition necessary to [a] holding cannot be dicta."). The Delaware Court of Chancery has often relied on the *Jedwab* distinction in subsequent decisions. *See, e.g.*, *Blue Chip Capital Fund II Ltd. P'ship v. Tubergen*, 906 A.2d 827, 834 (Del. Ch. 2006); *cf. In re Trados Inc. S'holder Litig.*, 73 A.3d 17, 39 n.9 (Del. Ch. 2013). *Rabkin v. Philip A. Hunt Chemical Corp.*, 498 A.2d 1099, 1103 (Del. 1985), is not to the contrary, as the majority shareholder there acted unilaterally to avoid an obligation owed equally to *all* stock, not to injure a preferential right, *id.* at 1101.

*Kumar v. Racing Corp. of America*, 17 Del. J. Corp. L. 274 (Del. Ch. Apr. 26, 1991), in contrast, may assume a majority shareholder's fiduciary duty to protect the minority's preferential rights. If so, that assumption cannot be squared with the rule announced in *Jedwab*. When applying state law, we are only "'bound by decisions of the state's highest court.'" *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) (quoting *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)). The Delaware Court of Chancery's decisions are useful insofar as they help us to "'predict how the highest state court would decide the issue[.]'" *Id.* (quoting *Lewis*, 87 F.3d at 1545).

Here, there is "persuasive data that the highest court of the state would decide" this case by following *Jedwab*. *See West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940). *Kumar* did not distinguish or disagree with *Jedwab*, and so seemed unaware of the question decided in *Jedwab* regarding the special situation of preferred shareholders with regard to majority shareholder's fiduciary obligations. And, as noted, subsequent Chancery Court decisions have reiterated *Jedwab*'s holding. *See, e.g.*, *Blue Chip*, 906 A.2d at 834; *cf. Trados*, 73 A.3d at 39 n.9. We therefore predict that the Delaware Supreme Court would follow the weight of Chancery authority, rather than a single, incompletely reasoned decision. Indeed, the Delaware Supreme Court has cited *Jedwab* in a related context. *See Nemec v. Shrader*, 991 A.2d 1120, 1129 n.33 (Del. 2010).

As majority shareholders have no fiduciary duty to protect minority shareholders' preferential rights, plaintiffs have "[n]o chance of success at all" on the merits, such that preliminary injunctive relief was improper. *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006) (internal quotation marks and citation omitted).

**2.** Our decision as to the likelihood of success on the merits relates only to the fiduciary theory on which the district court based the preliminary injunction

now under review, not to the propriety of the contract theories plaintiffs have subsequently presented in new motions now pending before the district court.

"The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001); *see also* Fed. R. Civ. P. 62(c). In this appeal, Tenedora has not contested the district court's determination that failure to issue a preliminary injunction would threaten plaintiffs with likely, irreparable injury. And at oral argument before us, Tenedora stated that it would not oppose maintenance of the status quo pending the district court's resolution of the preliminary injunction motions now before it. We therefore stay the mandate in this case until we are notified by the parties that the district court has acted on the preliminary injunction motions now before it.

**REVERSED and REMANDED.**