In the Matter of DONALD FEOLA, Appellant, v PATRICK J. CARROLL et al., Respondents. [810 NYS2d 92]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Patrick J. Carroll, Police Commissioner of the City of New Rochelle, dated December 22, 2003, which summarily terminated the petitioner's employment as a police officer pursuant to Public Officers Law § 30 (1) (e) on the basis of his misdemeanor conviction of endangering the welfare of a child, the appeal is from a judgment of the Supreme Court, Westchester County (Bellantoni, J.), entered September 29, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs,

the petition is granted, the determination is annulled, the respondents are directed to reinstate the petitioner as a police officer and to afford him a due process hearing, and the matter is remitted to the Supreme Court, Westchester County, for calculation of the back pay and interest owed to the petitioner in accordance herewith.

The petitioner was employed as a police officer by the respondent City of New Rochelle. He was indicted for, among other things, rape in the third degree, sexual abuse in the third degree, and endangering the welfare of a child, based upon the allegation that he engaged in sexual intercourse with a 16-year-old girl during the summer of 2002. Thereafter, on January 3, 2003, the Deputy Police Commissioner of the City of New Rochelle preferred disciplinary charges against the petitioner, pursuant to Civil Service Law § 75.

On December 18, 2003, a jury convicted the petitioner of endangering the welfare of a child, a class A misdemeanor. By letter dated December 22, 2003, the respondent police commissioner notified the petitioner that his employment as a police officer was terminated based upon his criminal conviction in accordance with Public Officers Law § 30 (1) (e).

The petitioner then commenced this CPLR article 78 proceeding to review the determination, maintaining that he was entitled to a due process hearing pursuant to Civil Service Law § 75 prior to his termination. The Supreme Court denied the petition and dismissed the proceeding. The Supreme Court concluded that Public Officers Law § 30 (1) (e) authorized the respondents to summarily terminate the petitioner's employment, without a due process hearing, since the petitioner's conviction for endangering the welfare of a child implicitly involved a violation of his oath of office.

Public Officers Law § 30 (1) (e) states, among other things, that:

"1. Every office shall be vacant upon the happening of one of the following events before the expiration of the term thereof: . . .

"e. [An officer's] conviction of a felony, *or a crime involving a violation of his oath of office*" (emphasis added).

"[F]or misdemeanor convictions arising outside the line of duty, Public Officers Law § 30 (1) (e) applies to crimes that, as defined in the Penal Law, arise from knowing or intentional conduct indicative of a lack of moral integrity" (*Matter of Duffy v Ward*, 81 NY2d 127, 135 [1993]). Crimes demonstrating a lack of moral integrity are those which involve "willful deceit or a calculated disregard for honest dealings" (*id.* at 135).

Under Penal Law § 260.10 (1), a person is guilty of endangering the welfare of a child "when. . . [h]e knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old."

Contrary to the Supreme Court's determination, Penal Law § 260.10 (1) cannot be facially construed as a crime involving "willful deceit or a calculated disregard for honest dealings" or "an intentional dishonesty or corruption of purpose" (see Duffy v Ward, supra at 135), as that crime is not limited to conduct likely to be injurious to the moral welfare of a child. A defendant may also be convicted of Penal Law § 260.10 (1) by engaging in conduct which is likely to be injurious to the physical or mental well being of a child. Accordingly, inasmuch as the language of Penal Law § 260.10 (1) is broad and encompasses conduct other than that involving a lack of moral integrity, the petitioner should be afforded a due process hearing to determine whether his underlying conviction constituted a violation of the oath of office. Therefore, the Supreme Court erred in denying the petition and in dismissing the proceeding.

We note that upon reinstatement, the petitioner is entitled to back pay from the date of his wrongful termination until the date of his reinstatement (see Civil Service Law § 77; Matter of Sharkey v Police Dept. of Town of Southampton, 179 AD2d 655, 657 [1992]). Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.