**Curtis BROWN, Plaintiff–Appellant,**

v.

**CITY OF SYRACUSE, John Falge, individually, John Doe, a fictitious name intended to indicate individual unknown at this time, and Dennis Duval, in his official capacity as Chief of Police of the Syracuse Police Department, Defendants–Appellees.**

No. 05–5060–cv.

United States Court of Appeals, Second Circuit.

July 26, 2006.

A.J. Bosman, of Utica, N.Y., for Appellant.

James P. McGinty, of the City of Syracuse Office of Corporation Counsel (Terri Bright, Corporation Counsel, Syracuse, N.Y.), for Appellees.

Present: DENNIS JACOBS,
ROSEMARY S. POOLER, Circuit Judges, and EDWARD R. KORMAN,* District Judge.

## SUMMARY ORDER

Plaintiff-appellant Curtis Brown commenced this lawsuit on October 9, 2001, bringing claims under 42 U.S.C. §§ 1981, 1983, and 1985; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* ("Title VII"); New York state law; and common law. (A 21–35). On July 25, 2002, the United States District Court for the Northern District of New York (Scullin, *J.*) issued a memorandum-decision and order, which dismissed Brown's section 1983 and 1985 claims pursuant to Fed.R.Civ.P. 12(b)(6), and dismissed with prejudice Brown's state law claims for intentional torts. On June 8, 2005, the district court granted appellees' Fed.R.Civ.P. 56 motion for summary judgment on Brown's remaining claims (§ 1981, Title VII, and New York State Human Rights Law), and denied Brown's cross-motion for additional time for further discovery. On August 17, 2005, the district court granted Brown's motion for reconsideration of its order denying his cross-motion for discovery, but upon reconsideration, affirmed the denial of Brown's cross-motion for discovery. The district court also denied Brown's motion for reconsideration of the court's order granting summary judgment for appellees. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

The district court's decision to dismiss under Rule 12(b)(6) is reviewed *de novo.* See Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir.1998). A complaint should not be dismissed on the pleadings " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). To satisfy the notice pleading requirements, a complaint need include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Such a statement must " 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests,' " *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Conley,* 355 U.S. at 47, 78 S.Ct. 99), but it need not plead evidence, *see Swierkiewicz,* 534 U.S. at 510–11, 122 S.Ct. 992.

We review *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party. *Giordano v. City of New York,* 274 F.3d 740, 746 (2d Cir.2001). Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

■ We affirm the dismissal of appellant's § 1985 claims because they have been waived. Appellant has put forward no arguments why the intracorporate conspiracy doctrine should not bar his conspiracy claim. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.")

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

■ We reverse the dismissal of appellant's § 1983 claims because the district court erroneously concluded that appellant's First Amendment and Equal Protection claims were insufficient as pleaded. With regard to the claims against the City of Syracuse, Brown alleged facts demonstrating conduct depriving him of a constitutional right committed under color of state law, and that the deprivation was committed pursuant to an officially designated practice or an official policy. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *see also Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir.1983) ("[A] plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."). Regarding the claims against Chief Falge, Brown alleged facts demonstrating Chief Falge's personal involvement in the alleged constitutional deprivations, which "is a prerequisite to an award of damages under § 1983." *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995) (internal quotation marks omitted).

■ The City argues that Brown's constitutional claims were properly dismissed on the ground that under § 30(1)(e) of the New York State Public Officers Law, he lost his protected interest in his job as a police officer once he pleaded guilty to the crime of Endangering the Welfare of a Child, N.Y. Penal Law § 260.10(1) ("Endangering"). However, even if Brown had lost his right to employment, it would still be unconstitutional for the City to discriminate against him based on his race or to punish him for speaking out against the City's policies. The City's § 30(1)(e) argument is relevant only to appellant's claim that the City violated his procedural due process rights. If the crime of Endangering—to which Brown pleaded guilty—affects the "oath of office" as a matter of law, the dismissal would have been appropriate because the operation of § 30(1)(e) would deprive Brown of his protected interest in his employment. *See Greene v. McGuire*, 683 F.2d 32, 35 (2d Cir.1982). However, in *Feola v. Carroll*, 25 A.D.3d 697, 810 N.Y.S.2d 92 (2006), the Second Department held as a matter of law that the crime of Endangering is not one that affects the "oath of office" and that an individual convicted of such a crime "should be afforded a due process hearing to determine whether his underlying conviction constituted a violation of the oath of office." *Id.* at * 699. We have held that it is "a well-established principle that the ruling of 'an intermediate appellate state court ... is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.' " *Statharos v. New York City Taxi & Limousine Comm'n*, 198 F.3d 317, 321 (2d Cir. 1999) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139 (1940)).

■ We reverse and remand the district court's dismissal of Brown's Title VII and § 1981 claims. We have held that "[m]ost of the core substantive standards that apply to claims of discriminatory conduct in violation of Title VII are also applicable to claims of discrimination in employment in violation of § 1981." *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir.2004). The claims are governed by the three-part test of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). We explained in *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir.2000):

Whether two employees are similarly situated ordinarily presents a question of fact for the jury. *See Taylor v.*

*Brentwood Union Free Sch. Dist.,* 143 F.3d 679, 684 (2d Cir.1998) (explaining that jury was asked to decide whether the plaintiff was treated differently from similarly situated white employees); *Hargett v. National Westminster Bank, USA,* 78 F.3d 836, 839–40 (2d Cir.1996) (noting that jury was asked to decide "similarly situated" issue); *cf. Tomka v. Seiler Corp.,* 66 F.3d 1295, 1312 n. 11 (2d Cir.1995) (whether two positions are "substantially equal" for Equal Pay Act claim is a question of fact).

*Id.* at 39. The district court held that Officer 24, who was convicted of Driving While Intoxicated—a crime carrying the same potential penalties as Endangering, *compare* N.Y. Veh. & Traf. Law § 1193(b), *with* N.Y. Penal Law § 70.15, 80.05—was not similarly situated to Brown because Endangering reflected a greater "degree [ ] of departure from the requirements of practical reasonableness" and "is a crime that involves intentional conduct toward a specific individual who is a minor and who generally is in a position of trust or care with respect to the offender." That ruling impermissibly intruded on the factfinding function of the jury, and in light of the City's apparent reliance in its motion for summary judgment on the conviction alone as the legitimate, non-discriminatory reason for Brown's termination, leaves genuine issues of material fact regarding whether Brown was similarly situated to other employees.

Finally, we review for abuse of discretion a district court's denial of Rule 56(f) discovery. *Gualandi v. Adams,* 385 F.3d 236, 244–245 (2d Cir.2004). The district court (Peebles, *M.J.*) issued discovery orders on November 8, 2002, November 22, 2002, January 9, 2003, and June 1, 2004. On November 17, 2004, Judge Peebles issued an order disposing of the parties' cross-motions to compel discovery, and this order was affirmed on March 8, 2005, by Judge Scullin. Brown's major failure was not pursuing sanctions against the City for its failure to comply with these orders. In this case, we do not characterize failure to seek sanctions as lazy or dilatory. We also conclude that allowing the parties to complete discovery will assist the district court with the disposition of the remaining claims. We therefore reverse the district court's denial of Brown's Fed.R.Civ.P. 56(f) motion.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **VACATED** and the case **REMANDED**.