REINHARDT, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority’s reversal of the district court’s judgment in favor of the defendant and its holding that § 403 of the Penal Code may not be applied to plaintiffs. I would reach the latter decision, however, by holding that § 403 (and §§ 18340 and 302 as well) are unconstitutionally void for vagueness and not simply as applied in the particular circumstances. In addition, although I would not decide the question, I believe the statutory scheme, or at least a part of it, is likely also unconstitutional as content-based. Essentially, I believe that the majority’s decision simply does not go far enough and will lead to unnecessary confusion regard *1112 ing the applicability of the various sections of the antiquated statutory scheme to expressive conduct that interferes with or disrupts various types of public meetings. More important, it will leave the citizens of California without clear guidance as to the exercise of their First Amendment rights to engage in public protests. That, in my view, is not an acceptable result.
I.
Penal Code § 403 applies broadly to lawful meetings. It provides simply that anyone who “willfully disturbs or breaks up” such a meeting is guilty of a misdemeanor. CaLPenal Code § 403. Under that provision a willful disturbance is enough to support a criminal conviction. Section 403 contains two exceptions, however: meetings referred to in Elections Code § 18340, and meetings referred to in Penal Code § 302. Section 403 and its statutory exceptions thus form an integrated statutory scheme, and no definition of § 403 can be derived without also defining these exceptions.
The first exception, § 18340, governs political meetings, defined as “public meetings” in which people “assemble] ... for the consideration of public questions.” Cal. Elections Code § 18340. This provision is far more protective of expressive conduct than is § 403. Section 18340 criminalizes conduct only if it unlawfully hinders meetings through the use of “threats, intimidations, or unlawful violence.” Id. Section 302 governs religious meetings, defined as “any assemblage of people met for religious worship at a tax-exempt place of worship.” CaLPenal Code § 302. It specifically proscribes the use of “profane discourse, rude or indecent behavior, or ... any unnecessary noise” to “intentionally disturb[ ] or disquiet[ ]” a religious meeting, when the conduct is in or near the place of worship. Id. Because meetings covered by § 18340 (political) and § 302 (religious) are excepted from § 403, and because these provisions proscribe different levels of conduct than does § 403, in order to determine whether § 403 survives a facial challenge for vagueness it is critical to know what meetings are covered by that section and what meetings are covered by its statutory exceptions. Unfortunately, it is not possible to determine the answer to that question if we follow the law that controls our decision-making, including our obligation to accept the construction of California statutes by the California courts. Here, § 403, as construed by California’s Supreme Court and by its Courts of Appeal, is unconstitutionally vague; the end result of the courts’ decisions is that the statutory scheme as construed fails to give clear notice of what meetings fall within § 403 and what meetings are covered by § 18340 or even by § 302. In fact, the California cases leave the people of that state without any guidance as to when conduct is unlawful because it merely willfully disturbs a meeting and what conduct is unlawful only if committed by means of threats, intimi-dations, or unlawful violence. This void is especially harmful to the public interest as it pertains to expressive conduct that is subject to the protection of the First Amendment. The failure to provide notice of what expressive conduct is permitted and what is prohibited chills First Amendment rights and thus makes vagueness even more constitutionally unacceptable.
I agree with the majority’s conclusion that the plain language of § 403 and its legislative history support the conclusion that the provision does not cover political meetings, including the meeting at issue in this case. I disagree, however, as to the effect of the decisions of California’s state courts, including its Supreme Court. Those courts have applied § 403 to the very type of meeting at issue here. To follow those decisions would lead us to the opposite result' than would the plain lan *1113 guage of § 403 and its legislative history, yet to ignore them is wholly impermissible. The decisions uniformly apply § 403 to political meetings and thus, contrary to the express exception the provision contains, criminalize disruptions of political meetings by acts that fall far short of “threats, intimidations, or unlawful violence.” Cal. Elections Code § 18340.
Unlike the majority, I do not believe that we can simply disregard the consistent application of a state statute by the state courts, including its Supreme Court, and by the federal courts that have followed the state courts’ decisions. Because we must follow the state courts’ interpretation of the statute, Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494 n. 5, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982), the crux of our statutory analysis here must be the meaning given to § 403 by the California courts. As California courts have given § 403 a fundamentally different application than the statute’s plain language and legislative history would require, and have failed consistently to apply the controlling statutory exception to political protests, I believe that it is not possible for Californians to know in advance what conduct is prohibited by § 403 and what is permissible under the far more speech-protective provisions of § 18340. In short, it is not possible to determine what conduct involving the disruption of political meetings is prohibited by which part of the California statutory scheme and what conduct is permissible under the statutory scheme as a whole. As a result we have no alternative but to declare § 403 and its related sections void for vagueness.
As to the controlling law, there is one California Supreme Court case, two Courts of Appeal cases and several federal cases applying § 403, each of which does so in a manner directly contrary to that required by the statute’s plain language and legislative history. Each applies § 403 to interference with meetings that are undisput-ably political. None applies the exception that on its face governs such meetings. In In re Kay, 1 Cal.3d 930, 83 Cal.Rptr. 686, 464 P.2d 142 (1970), the only California Supreme Court decision directly construing § 403, the Court applied § 403 to a political meeting clearly falling within the ambit of Elections Code § 18340 and clearly exempted from § 403 by its express language. Kay concerned four people convicted under § 403 and sentenced to four months in jail for protesting a congressman’s speech in a public park by engaging in “rhythmical clapping” and several minutes of shouting. Id. at 935-37, 83 Cal.Rptr. 686, 464 P.2d 142. The Kay court noted that it would be “blinking reality not to acknowledge that the [congressman’s] July 4 speech was part [of] his political campaign,” and acknowledged that the speech was by a public figure on a public issue. Id. at 963 n. 3, 83 Cal.Rptr. 686, 464 P.2d 142 (citation and internal question marks omitted).
Recognizing that the application of § 403 to the conduct in question would be constitutionally overbroad, because it would criminalize expressive conduct that disturbs “a meeting only because the content of the expression conflicted with the views espoused by the meeting’s organizers or official speakers,” id. at 941, 83 Cal.Rptr. 686, 464 P.2d 142, the Kay court narrowed the statute to comport with the First Amendment, id. at 942, 83 Cal.Rptr. 686, 464 P.2d 142. The court held that under § 403 conduct could be punished only where the “defendant substantially impaired the conduct of the meeting by intentionally committing acts in violation of implicit customs or usages or of explicit rules for governance of the meeting, of which he knew, or as a reasonable man should have known.” Id. at 943, 83 Cal.Rptr. 686, 464 P.2d 142. Without mention *1114 ing the exclusion of political meetings from § 403, the court then applied that section and not § 12046 (as § 18340 was then numbered) to the political meeting at issue, ultimately finding that the conduct at issue did not rise to the level proscribed under the court’s narrowed construction of § 403. Id. at 944-45, 83 Cal.Rptr. 686, 464 P.2d 142.
Although intended to bring (what it apparently thought to be) § 403’s proscription of interference with a political meeting into conformity with the First Amendment, Kay provided no guidance as to what types of political meetings are covered by § 403 and what types, if any, are excluded from § 403 and covered by § 18340. Nor did it indicate in any way the relationship between the two parts of the integrated statutory scheme regulating core political speech. To the contrary, it simply treated § 403 as applicable to political meetings. Kay and the cases which followed it—every California political speech case, as far as I can tell—thus give rise to a fundamental lack of certitude as to how and to what extent Californians are free to exercise their First Amendment rights without fear of criminal punishment when they engage in protests that disturb political meetings but do not involve “threats, intimidation, or unlawful violence”. Similarly, limiting their exposure to the “commi[ssion] [of] acts in violation of implicit customs or usages” as did the Kay court, does nothing to cure that constitutional defect. Id. at 943, 83 Cal.Rptr. 686, 464 P.2d 142.
The majority concludes that the Kay court’s application of § 403 to a political meeting and its failure to apply the statutory exceptions to § 403, does not render the statute unconstitutionally vague because there is no indication that either party argued that § 403 did not apply to political meetings, and because the Kay court was thus not required to address Elections Code § 18340 (even though it, not § 403, was the statutory provision applicable to the meeting). I respectfully disagree with the majority’s conclusion that Kay does not constitute binding precedent as to the applicability of § 403, as, it appears, do all state and federal courts that have dealt with the question of political meetings since Kay. All have unhesitatingly followed Kay and applied § 403 to political meetings in direct contradiction of the express provisions of that statute. The majority’s rationale for its conclusion is that Kay doesn’t expressly hold that § 403 applies to political meetings, so we can simply ignore the case. No court to date, state or federal has taken that position. To the contrary, all have followed Kay and applied § 403 not § 18340 to interference with the conduct of political meetings.
A.
Although it is of course true that courts are under no obligation either to address arguments the parties fail to raise in their briefs or provide alternative grounds for their holdings, it is also true that courts must interpret statutes with reference to the entire statutory scheme and seek to give meaning to every provision. People v. Pieters, 52 Cal.3d 894, 899, 276 Cal.Rptr. 918, 802 P.2d 420 (1991) (“[W]e do not construe statutes in isolation, but rather read every statute ‘with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.’ ” (quoting Clean Air Constituency v. Cal. State Air Res. Bd., 11 Cal.3d 801, 814, 114 Cal.Rptr. 577, 523 P.2d 617 (1974))); Cal. Teachers Ass’n v. Governing Bd. of Rialto Unified Sch. Dist., 14 Cal.4th 627, 634, 59 Cal.Rptr.2d 671, 927 P.2d 1175 (1997) (“ ‘In analyzing statutory language, we seek to give meaning to every word and phrase in the statute to accomplish a result consistent with *1115 the legislative purpose ... (quoting Harris v. Capital Growth Investors XIV, 52 Cal.3d 1142, 1159, 278 Cal.Rptr. 614, 805 P.2d 873 (1991))). Thus, canons of statutory construction oblige courts to consider the entire statute even where the parties fail to argue one of its relevant provisions. As the United States Supreme Court has recognized, legislative bodies must “be able to legislate against a background of clear interpretive rules, so that [they] may know the effect of the language [they] adopt[ ].” Finley v. United States, 490 U.S. 545, 556, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989).
Here, the California Supreme Court was not required to review a set of complex provisions contained in a statutory scheme set forth in a lengthy section of a voluminous Code. Section 403 consists of a single sentence that occupies only two and a half lines. All the court needed to do was to read that sentence and it would know (as I am sure it did) that § 403 did not apply to all meetings, but that on its face it excluded certain types of gatherings. Sophisticated as that nationally respected court was and sensitive as it demonstrated itself to be to the requirements of the First Amendment, it is inexplicable that the Court would be unaware that political speech was excluded from the coverage of § 403 by the second half of that one sentence provision. Nevertheless the court proceeded to analyze and apply § 403 to conduct that allegedly interfered with the political meeting in question. To suggest that the California Supreme Court would revise and limit § 403 in an attempt to bring it into conformity with the First Amendment without being aware of the effect of the exclusion contained within the one sentence it was revising or without being aware that its holding applied to political meetings is simply not credible.
Generally, when an appellate court analyzes a statute in a precedential opinion, it is not simply resolving the parties’ dispute, but is explaining the law in a manner that ■will bind future litigants and courts. This is particularly true in a decision based on constitutional grounds. The majority’s reading of Kay in a manner that contravenes this rule might have some credence had the California Supreme Court stated that its decision was a narrow one applicable only to the case before it, or given some indication that its construction of § 403 would not be applied if, in a subsequent case, the party argued that political meetings are excluded from § 403. The court took neither approach, however. By omitting any discussion of why a speech by a local congressman to more than 6,000 people is not a “public meetingf] for the consideration of public questions,” and thus excluded from coverage under § 403, and by instead tailoring (unsuccessfully in my view) § 403 to meet the requirements of the First Amendment, the Kay court left the ordinary person with no basis for understanding why and when the more speech friendly provision of § 18340 would apply, if it would ever apply at all. Yet, there it is, plain on the face of the statutory scheme, both in the exclusion from § 403 of meetings referred to in § 18340 and in the express language of § 18340 itself. Section 403 does not apply to political meetings; section 18340 does.
B.
Even were we to accept arguendo the majority’s unpersuasive explanation that the Kay court found it unnecessary to discuss Elections Code § 18340 because it determined the conduct at issue did not violate the lesser restrictions imposed by Penal Code § 403, the same cannot be said for the California Courts of Appeal cases applying Kay to political meetings and affirming violations of § 403, in rebanee on Kay. In McMahon v. Albany Unified Sch. Dist., 104 Cal.App.4th 1275, 129 Cal. *1116 Rptr.2d 184 (Cal.Ct.App.2002), the California Court of Appeal followed Kay and likewise omitted any discussion of Elections Code § 18340 in concluding that a violation of Penal Code § 403 had occurred. The case concerned the citizen’s arrest of David McMahon at a school board meeting held in the multipurpose room of an elementary school, which was also used as the school’s cafeteria and for an after-school childcare program. Id. at 1280, 129 Cal.Rptr.2d 184. During the public comment period, McMahon emptied onto the floor several 13-gallon bags of garbage, that contained alcohol bottles and drug paraphernalia, in order to protest littering by local high school students. Id. at 1280-81, 129 Cal.Rptr.2d 184. The superintendent then made a citizen’s arrest of McMahon for violating Penal Code § 403; McMahon was subsequently issued a citation by the police, but was not charged. Id. at 1281, 129 Cal.Rptr.2d 184. McMahon sued the superintendent, a board member, and the school district for false arrest and false imprisonment. Id. The court denied McMahon’s motion for a directed verdict, granted a nonsuit as to the board member, and a jury returned a special verdict in favor of the district and superintendent. Id. at 1281-82, 129 Cal. Rptr.2d 184.
The Court of Appeal affirmed. Id. It determined that the trial court’s jury -instruction on the elements of § 403 conformed with Kay, and that the jury’s conclusion that McMahon violated § 403 was supported by substantial evidence. Id. at 1286-87, 1289, 129 Cal.Rptr.2d 184. The court discussed Kay at length, upheld the application of § 403 to the meeting in question, and made no mention of the statutory exceptions for meetings for the consideration of public questions or why Elections Code § 18340 did not apply to McMahon.
The California Court of Appeal similarly relied on Kay in an unpublished decision, Saraceni v. City of Roseville, No. C041085, 2003 WL 21363458 (Cal.App.Ct. June 13, 2003). In Saraceni, the court held that a police officer had probable cause to arrest the plaintiff at a city council meeting for violating Penal Code § 403, where the plaintiff attempted to address the council and city attorney after the public comment period had ended, and refused repeated requests from the mayor and council members to take his seat. Id. at *5-6. Like the meeting in McMahon, the meeting in Saraceni was unquestionably one at which people “assembled] in public meeting[] for the consideration of public questions.” Yet, like the court in McMahon, the court in Saraceni citing Kay applied § 403 to a political meeting without any discussion of Elections Code § 18340.
.Even in the absence of Kay, we would be bound by the McMahon court’s construction of § 403 short of a persuasive indication that the California Supreme Court would decide otherwise. Lawson v. Kolender, 658 F.2d 1362, 1364 n. 3 (9th Cir.1981), aff'd by Kolender v. Lawson, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983) (noting that the construction placed on a statute by a state’s intermediate appellate court is regarded as authoritative); Morales-Garcia v. Holder, 567 F.3d 1058, 1063 n. 3 (9th Cir.2009) (“Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise” (quoting West v. Am. Tel. & Tel. Co., 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139 (1940))). No persuasive data indicate that the California Supreme Court would decide McMahon differently with respect to the application of § 403. All *1117 data are to the contrary: McMahon faithfully follows Kay—the only relevant decision by the state’s highest court—which applied § 403 to a political meeting while ignoring Elections Code § 18340. Moreover, although not binding on this court, the Court of Appeal’s unpublished decision in Saraceni is persuasive authority further illustrating the way in which California courts apply § 403. Employers Ins. of Wausau v. Granite State Ins. Co., 330 F.3d 1214, 1220 (9th Cir.2003) (“[W]e may consider unpublished state decisions, even though such opinions have no precedential value.” (quoting Nunez v. City of San Diego, 114 F.3d 935, 943 n. 4 (9th Cir.1997))).
Federal courts have likewise applied Penal Code § 403 to political meetings in accord with Kay, and ignored the statutory exception in Elections Code § 18340, dismissing § 1983 claims for false imprisonment and false arrest for arrests at political meetings on the ground that the arresting officers had probable cause to arrest the plaintiffs based on violations of Penal Code § 403. See Norse v. City of Santa Cruz, 629 F.3d 966, 970, 978 (9th Cir.2010) (en banc) (finding probable cause existed to arrest plaintiff at city council meetings for giving a silent Nazi salute and whispering to another meeting attendee); Sanchez v. City of Los Angeles, No. CV 07-5132 GHK (JC), 2011 WL 6951822 (C.D.Cal. Oct. 31, 2011) (citing Kay and finding probable cause existed to arrest plaintiff for attending a city council meeting with a pillow case attached to a shirt that read “CRA Destroys Communities”).
To what then does § 18340 apply? To what type of meetings Californians might want to protest does § 403 apply, and what type of political and religious meetings are excluded from that provision? The California and federal cases construing § 403 give us no help with these questions. More important, they leave “ordinary people” unable to “understand what conduct is prohibited.” Kolender, 461 U.S. at 357, 103 S.Ct. 1855. Is it a violation of the statutory scheme simply to willfully disturb a political meeting by “committing acts in violation of implicit customs or usages,” as provided by § 403 or is it an offense to disrupt such a meeting only by “threats, intimidations, or unlawful violence” as § 18340 provides? And do some political meetings fall in one category and some in the other? And, if so, how does anyone tell which fall where?
Although I agree with the majority that the plain language and legislative history of Penal Code § 403 suggest that the statute does not properly apply to White’s activity, I conclude that Kay, and particularly McMahon and Saraceni, limit our ability to apply a plain language reading of the statute so as to find that White’s conduct falls outside the conduct proscribed by Penal Code § 403. Rather, I find that Kay and Kay’s progeny have left the statutory scheme comprehended by § 403 and its express exceptions without any means of rational construction, and the people of California without any means of determining how and when the various sections apply. In short, because Californians are not adequately informed of how or in what manner they must comport themselves when engaged in protests regarding political gatherings (such as a political party’s national convention) or, critically, under what circumstances they face criminal punishment for engaging in such First Amendment activity, there is no alternative but to find that § 403 and its related sections are unconstitutionally vague. Kolender, 461 U.S. at 357, 103 S.Ct. 1855.
II.
Although I do not find it necessary to reach the issue, I strongly question the majority’s determination that the statutory *1118 scheme is not content-based. Penal Code § 403 and its statutory exceptions impose punishment on different forms of expressive conduct on the basis of the subject matter of the meeting being protested. This is a form of protection for more favored or less favored speech which cannot be done indirectly any more than it could be directly. Clairmont v. Sound Mental Health, 632 F.3d 1091, 1100 (9th Cir.2011) (“Where the government may not prohibit certain speech, it also may not [indirectly suppress that speech] in order to ‘produce a result which [it] could not command directly.’ ” (quoting Perry v. Sindermann, 408 U.S. 593, 597, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972)) (alteration in original)). Moreover, the majority ignores the significant correlation between the subject matter of the meeting being protested and the subject matter of the speech likely to be used to disrupt it. For example, as the foregoing discussion of the caselaw illustrates, speech used to disrupt political meetings is, by and large, political speech. 1 In addition the type of speech that is regulated or banned when interfering with a religious issue is involved is speech that is “profane discourse, rude or indecent behavior, ....” Not only is the type of speech regulated on the basis of the subject of the meeting but so is the manner in which that speech is delivered. Because I need not resolve this question I will end the analysis by saying simply that whatever one might say about two of the three sections under discussion here, the section of the statutory scheme governing “profane discourse, [and] rude or indecent behavior” seems to me to be clearly unconstitutional either because the proscription of those forms of speech is content-based, because the provision is void for vagueness, or because it otherwise violates the fundamental principles of the First Amendment.
The difference between my position and the majority’s does not simply reflect an intellectual or academic disagreement about judicial methodology. The case before us has important practical ramifications. California is a highly active political state with numerous political parties and volunteer political groups many of which' regularly hold political meetings, some of which are the object of fervent demonstrations or protests. Equally, if not more important, California has on a number of occasions, including six in the period between 1956 and 2000, been the site of national conventions of the two major political parties. . Some of these conventions have also been marked by major political protests or demonstrations, not all of which have been entirely peaceful. In view of the failure of the California courts to treat the question before us with the careful constitutional attention it deserves, it would be nice if our court could get the answer right. I am afraid that my colleagues in the majority fail to do so.
The holding that I believe we are required to reach—that § 403 and its related provisions are void for vagueness—would not only be more respectful of the California courts than the majority’s ruling but would better serve the people of that state. If the State of California were to review the three code sections that form the integrated statutory scheme—the general provision, Penal Code § 403, the political meetings provision, Elections Code § 18340, and the religious meetings provision, Penal Code § 302—and the checkered history of those sections, it might find that it wishes not merely to amend its laws to bring them into conformity with the Constitution, but also to consider how best to update the antiquated provisions that have persisted since they were originally drafted in the nineteenth century. “Rewriting the statute[, however,] is a job for the [state] legislature, if it is so inclined, *1119 and not for this court.” Valle del Sol, Inc. v. Whiting, 732 F.3d 1006, 1021 (9th Cir. 2013). Thus, I can only suggest to the Legislature that it might be well-advised to reform the statutory scheme rather than to allow the continuing enforcement of clearly unconstitutional laws.